## Jackson, *ex dem.* Antell and wife, *against* Brown.

THIS was an action of *ejectment*. The cause was tried at the *Herkimer* circuit, in 1807, before Mr. Justice *Van Ness*. The lessors of the plaintiff claimed 65 acres of land, off the north end of great lot no. 10. in *Glen's* purchase, of which the defendant was in possession.

The premises in question are comprehended in 375 acres of land, which belonged to the heirs of *Alexander Colden*, deceased, being six in number, as tenants in common. In *February*, 1805, a petition for the partition of the land was made; of which due notice was given for the ensuing *May* term, according to the statute, to *Cadwallader R. Colden*, as entitled to one-third part; and some of the co-tenants residing out of the state, the petition and notice were duly published, as the act directs. It appeared that on the 8th *July*, 1802, *Cadwallader R. Colden* had sold and conveyed to the defendant all his undivided share and interest in the land so held in common; but the defendant was not named in the petition, nor was share, without deducing a regular title, as if no such judgment of partition had been rendered.

Where one of several tenants in common had aliened his share, and the plaintiff in partition proceeded as if no such alienation had been made, by giving notice to the original co-tenant, without taking notice of the grantee, the judgment in partition was held to be void. In an action of *ejectment*, the plaintiff relied on the judgment of partition only, and it was held, that he could not, in such case, recover his undivided

any notice thereof given to him. As *Cadwallader R. Col-den* did not appear, judgment of partition was rendered in *February* term, 1806, by which the premises in question were set off and assigned to one of the lessors of the plaintiff. The defendant resided on part of the land, at the time of the partition, and claimed to hold posses-sion of the premises under the deed from *C. R. Colden.*

A verdict was taken for the plaintiff, by consent, subject to the opinion of the court, on a case containing the facts above stated.

Two questions were raised for the consideration of the court.

1. Whether the want of notice to the defendant, to whom one of the co-tenants had conveyed previous to the petition, avoided the partition?

2. If the partition was void, were not the lessors of the plaintiff entitled to recover an undivided share, as tenants in common?

*Gold,* for the plaintiff. If the objection of the defend-ant of a want of notice is to prevail, it may produce much inconvenience. Co-tenants may aliene, a day before the judgment in partition, which may be thereby defeated; for the statute contains no provision for such alienations. The act binds parties and their legal representatives, and the defendant may be considered as the legal representative of *C. R. Colden.* The proviso in the supplementary act does not avoid the partition, in relation to parties not named in the partition, but declares that they shall not be concluded from controverting the interests of the parties who apply for the partition. Again, as the petition and notice to the other tenants were published in the gazette, this ought to be considered as sufficient notice to the defendant. But if the partition was not valid, the lessors of the plaintiff are entitled to recover one undivided sixth part, as one of the heirs of *Alexander Colden;* and this would be perfectly consistent with the deed to the defendant, which is only for the undivided interest of *C. R. Colden.*

*Griswold*, contra. The plaintiff ought to · have shown a regular title ; but he produced only a judgment of partition, and if that is void, he must wholly fail. The supplementary act provides for the difficulty which has been suggested, by directing a particular mode of proceeding, where any of the tenants in common are unknown to the party applying for a partition. The defendant was the party in interest, and entitled to notice. As the plaintiff has failed in proving any such notice, or that he has proceeded according to the act, he cannot recover.

YATES, J. delivered the opinion of the court. Two questions arise in this cause.

1. Whether the want of notice to the defendant, being a co-tenant, does not avoid the partition ?

2. If the partition cannot be maintained, whether the lessors of the plaintiff, or either of them are, notwithstanding, entitled to recover an undivided part, as tenants in common ?

By the first section of the act for the partition of lands, passed the 7th *April*, 1801,* it is directed, that a copy of the petition shall be served, 40 days previous to the term in which the same shall be presented to the court, on all parties concerned, who shall not join in such petition, and ·shall reside in the state, together with a notice subscribed by the petitioners, and directed to the party, that an ap-plication will be made to the court for the appointment of commissioners to perform the duties stated in the act. By a supplementary act, passed the 9th *April*, 1804†, relief is given to tenants in common where any of their co-tenants, and the extent of their interest in the premises, are not known, by making it the duty of the court, on a sugges-tion of the facts, supported by an affidavit, to direct a pub-lication, and the form thereof. These being express provisions by statute, this court cannot dispense with them, by any intendment.

The personal service of the notice on *Cadwallader R. Colden*, who had previously parted with his interest to the defendant who resided in the state, cannot be deemed a

* *Laws N. Y.* v. 1. p. 542.

† *L. N. Y. p. 284.*

NEW-YORK,
Nov. 1808.

Jackson.
v.
Brown.

a sufficient service. The defendant was entitled to personal notice under the statute, unless the parties had complied with the provisions contained in the supplementary act. This has not been done ; no such suggestion appears in the proceedings of the partition, either by affidavit or otherwise.

There can be no doubt that the parties petitioning considered *C. R. Colden* as possessing the share originally held by him, and had no knowledge of the defendant's interest. This, however, cannot affect the right of the defendant, under the act ; and the omission to comply with its directions in bringing the defendant properly into court, so as to make him a party, renders the proceeding wholly inoperative, and, consequently, destroys any right the lessors might otherwise have under the partition.

It does not appear that any title was produced, except what appeared from the proceedings of the partition. As these were void, for the reasons already mentioned, the lessors of the plaintiff have not made out their claim to any part of the premises.

The Court are, therefore, of opinion, that the defendant is entitled to judgment.

Judgment for the defendant.