By the Court,

Nelson, Ch. J.
It is clearly shown that the line fence between lots 43 and 44, up to which the parties occupy and improve, was built about thirty-eight years before the trial; and that it has'been recognized as the boundary line ever since by the occupants of the respective lots. Down to the 16th June, 1817, the plaintiff, who owned the east half of 43, was a feme covert, and the premises were under' the control of Codd, the husband, who had leased them to tenants. At that date the plaintiff became divorced, and her disability ceased.
The husband was tenant by the curtesy initiate, and held an estate for life, in the premises, and it was contended before the circuit judge at the trial, that his acquiescence in the line of the fence and in the occupation of the defendant and those under whom he claims and holds, could not operate to the prejudice of the rights of the plaintiff; that she was chargeable with acquiescence only since the removal of her disability. The judge, however, ruled that she was bound by the acts and laches of the husband, and that the acquiescence in recognition of the fence as the true line, had existed for such a length of time as to afford a conclusive bar to the action of ejectment. In this opinion I think the learned judge erred, and therefore a new trial must be granted. If the defence rested upon the ground of adverse possession for twenty years, the proviso to the statute in [46] favor of femes covert would be a complete answer to it; here only about fifteen years have elapsed' since this disability was removed, before suit brought. Though the defence in this case does not rest upon this principle, it does upon a somewhat analogous one; adverse possession for a given time is sufficient in the former case; in this, there must be something more; there must be actual occupation and improvement, as well as acquiescence, to constitute the bar short of the statute time. Femes covert are not bound by the statute bar, .because they possess no power to contest the entry and adverse holding during the coverture, and therefore acquiesce from necessity; so in respect to the defence under consideration, they (femes covert) possess no power to dispute the encroachment; and the acquiescence, either express or implied, which is an essential ingredient in the principle of the defence, exists only by reason of a legal disability; it is an acquiescence by necessity. Again; the husband, at most, has but an estate for life out of the inheritance of the wife (Cruise, tit. Curtesy, ch. 2, § 28; 2 Black. Comm. 126; Reeve’s Dom. Rel. 27; Co. Lilt. 357); and it is a well settled *29 general principle, that the tenant for life can do no act to the prejudice of the remainder man (4 Johns. R. 390; 8 id. 262; 5 Cowen, 95, 96, 101, 103; see also 1 R. L. 1813, p. 181, 2, 3 and 2 Bac. 323.) The acquiescence then, by the plaintiff, having continued for only about fourteen or fifteen years, the question as to its conclusiveness upon her rights belonged to the jury, under the advice and direction of the court in respect to the law; and though we might think that they should come to the same conclusion at which the court arrived, still it would be trenching upon their province to withhold the case from their consideration (13 Wendell, 536,) and cases here cited. New trial granted; costs to abide the event.