## SUPREME COURT.

### RIPPLE agt. GILBORN AND OTHERS.

In an action for the partition or sale of real estate held in common, the wife of the plaintiff is a proper and necessary party; and she must be joined with her husband as plaintiff in the action. (*This agrees with the reasoning of Justice* HARRIS *upon this point, in Brownson and Wife agt. Gifford, ante page* 389.)

If she is not made a party, the objection may be taken by *answer*, where the defect does not appear upon the face of the complaint.

*It seems* that in actions for partition, where the defendant omits to answer the complaint, the plaintiff must exhibit proof of his title, &c., as required by the Revised Statutes.

*Otsego Special Term, November,* 1853. Motion on the part of the plaintiff for an order striking out the answer of Gilborn and wife as sham and irrelevant, and for judgment, &c.

DE WITT C. BATES, *for Plaintiff.*

JAMES E. DEWEY, *for Defendants.*

CRIPPEN, Justice.—The action was commenced by summons and complaint for the partition of a farm of one hundred and fifty acres, situate in the town of Cherry Valley, owned by James Ripple and Henry Gilborn, as tenants in common, in fee simple. Elizabeth Gilborn is the wife of Henry Gilborn, and David H. Little is an encumbrancer by way of mortgage, to the amount of five hundred dollars, given by the defendant, Gilborn, on the undivided half of said premises.

The defendants, Gilborn and wife, have appeared and put in an answer alleging a defect of parties—that Martha Ripple, the wife of the plaintiff at and before the commencement of the action, was and is entitled to an inchoate right of dower in an undivided half of the premises described in the complaint, and therefore is a necessary party to said action. The complaint and answer are both duly verified.

On the part of the plaintiff it is insisted that his wife is not a necessary party, that the defendants' answer, therefore, is a mere sham and frivolous, and that the plaintiff is entitled to judgment as demanded in the complaint.

The first question arising in the case is, whether the defendants can set up a defect of parties by way of answer.

If the defect of parties appear upon the face of the complaint it is good cause of demurrer, and must be taken advantage of in that way. (*Sec.* 144, *sub.* 4, *of the Code.*) The defect in this case, if any exist, did not appear upon the face of the complaint. It no where appears in the complaint that the plaintiff had a wife. The complaint, therefore, was perfect; in this respect no demurrer would lie.

It is provided by the Code, that when any of the matters enumerated as causes of demurrer in section 144, *do not* appear upon the face of the complaint, the objection may be taken by answer.

These provisions are in conformity with the rule which prevailed in the Court of Chancery before the Code. It was a

VOL. VIII.     58

well established principle in that court, that where there was a want of proper parties, but the same did not appear on the face of the bill, the defendant might plead the matter necessary to show it, or the objection might be taken by answer, setting forth the names of the necessary parties who were wanting, and distinctly taking the objection in a plain and clear allegation. (*Van Santvoord*, 89 ;) Mitchell agt. Lenox and Taylor, (2 *Paige*, 280 ; *Edwards on Parties*, 25, *and the authorities cited by Edwards*.)

The next question in the case, is whether the plaintiff's wife is a necessary party to the action. The statute declares that the widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage. (*Title* 3, *of chap.* 1, *of Part* 3, *of the R. S.* § 1.) By the 16th section of the same act it is declared that no act, deed or conveyance, executed or performed by the husband without the assent of his wife, evidenced by her acknowledgment thereof, in the manner required by law, to pass the estate of married women, and no judgment or decree confessed by or recovered against him, and no laches, default, covin or crime of the husband shall prejudice the right of the wife to her dower, or preclude her from the recovery thereof.

The wife, in equity, has an inchoate right of dower resting upon the contingency of her surviving her husband, and in cases of partition, when the premises cannot be divided, and are ordered to be sold, the inchoate right of the wife becomes vested in her, so that she is at once entitled to her equitable portion of the avails of such sale.

It will be seen by a recurrence to the statute that the plaintiff is required to set forth in his complaint, the rights and titles of all persons interested in the premises, so far as the same are known to him, including the interest of every person, who, by any *contingency* may become entitled to any *beneficial interest therein*. (*Title* 3, *sec.* 5, *of Chap.* 5, *of Part* 3, *of the Rev. Stat.*, 4*th ed.*, 2 *vol.*, *page* 577.) The next section enacts,

Ripple agt. Gilborn and others.

that every person having any such interest may be made a party to the action.

No one can very well doubt but that the inchoate right of dower of a married woman is reached by the language used in section 5, above quoted. The words " any contingent interest," used in that section, are broad enough, and no doubt were intended to cover the inchoate right of dower of married women.

I have examined the case in 7th *Paige*, of Jackson and wife agt. Edwards and others, with much care. The Chancellor in that case has very fully discussed the question as to the rights of the wife in cases of partition, and I am unable to see, according to the law of that case, how the plaintiff can go on with this action without making his wife a party plaintiff. I am satisfied that the act of 1840, (*chap.* 177,) in no manner interferes with the question of parties to the action. It only provides for settling the rights of married women, by adopting the same rule suggested by the chancellor, in the case above cited, for ascertaining the value of the inchoate right of dower of married women in the premises, in cases where a sale is ordered, and of securing to them the money, by investment, &c. This act also authorizes a married woman to release her contingent inchoate right of dower to her husband. I have no doubt, that the provisions made by this statute, were induced by the law, as expounded and settled by the Chancellor, in the case of Jackson agt. Edwards, above cited. It was argued in January, 1839, and no doubt decided prior to the passage of the act of April 28, 1840. I regard it as a legislative approval and confirmation of the law as expounded by the Chancellor.

If the plaintiff's wife is not brought in as a party to the action, I am not aware of any course of practice by which the court is to be informed that he has a wife who is entitled to an inchoate right of dower in the premises. It may be that on an application in behalf of the wife, at any time before the money arising from a sale of said premises, if one should be ordered, is paid over by the purchaser, her interest therein might be protected by an order of the court; probably the same result might be attained on the application of the purchaser to the

court, in order to protect him in his title. Allow that such proceedings might be had, it only goes to show more emphatically the necessity and propriety of bringing in the plaintiff's wife as a party to the action, in order that the premises shall be freed by the decree and sale, of all entanglement with the claim of the plaintiff's wife, and she at the same time be properly secured in her equitable rights, arising from a sale of said premises.

It seems to me that the most simple and direct practice, as well as that required by the strict rules of law, is to make all persons parties, who have, by any means or contingency, an interest in the premises.

Barbour, in his Chancery Practice, directs that whenever there is a married woman having merely an inchoate right of dower, it is advisable that she be made a party to the action, especially if a sale will be necessary. (2 *Barbour's Pr.* 288.)

Whether a sale will be ordered or not is a question that cannot be determined at the commencement of the action. All necessary parties should be joined at the time the suit is brought, and if omitted, the defendant may demur, in case the defect appears upon the face of the complaint, and if not, may appear and object by plea or answer. Baker agt. Devereaux, (8 *Paige*, 513,) and also the cases cited to the first point. The plaintiff in this action joined the defendant's wife as a party thereto, in order that her right of dower might be barred by the proceedings therein and by the judgment of the court; no doubt the same necessity exists for bringing in the plaintiff's wife and making her a party, and for the same reasons.

Whittaker, in his Practice says, that all persons directly or indirectly interested in the *corpus* of the estate must be made parties, including the wives of parties living, in respect to their inchoate right of dower. (*Whittaker's Pr.* 60.) This authority seems to be directly in point, and is undoubtedly correct. If a sale of the premises shall be ordered, it is entirely clear that a complete determination of the rights of the parties cannot be had without the plaintiff's wife being brought into the case at some period of its prosecution. This was not denied by the

counsel on the argument of the motion, for he admitted that she had an inchoate contingent right of dower in the undivided half of the premises. Allowing this to be so, should there any longer be a doubt that she is a necessary party, in order to determine the whole controversy in the action, and most emphatically so if a sale of the premises shall be ordered.

The Code directs that all persons having an interest in the subject of the action and in obtaining the relief demanded may (should) be joined as plaintiffs. (*Sec.* 117.) The subject of this action is the premises sought to be partitioned, and no one pretends to deny but that the plaintiff's wife possesses an inchoate right of dower in said premises.

When a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in. (*Code*, § 122.)

It is laid down as a general principle, that in equity suits every person who is at all interested in the event thereof, or necessary to the relief demanded must be made a party, in order to enable the court to settle the rights of all, and make a complete and definite decree upon the merits. (2 *Paige*, 278; 9 *Johns. R.* 442.)

In this case the plaintiff's wife has not such an interest as to entitle her to maintain an action of partition, or to recover her inchoate interest in the premises, but still, I have no doubt, she may join with her husband as a party plaintiff. Their interests in the subject matter of the action are not in conflict; also, the action in the name of both is regarded as the suit of the husband alone. (3 *Barbour's Ch. R.* 397.) The case of Jackson agt. Edwards, (7 *Paige*, 387,) is also an authority to establish the right to join the wife with the husband as plaintiffs.

In any view which I have been able to take of this case, my conclusion is, that the motion must be denied. The plaintiff may, however, enter an order that all further proceedings in the action may be had in the names of the plaintiff and Martha his wife, as plaintiffs; also that the complaint be amended so as to contain an allegation showing that the wife of said Ripple is entitled to an inchoate right of dower, in the premises, and

Ripple agt. Gilborn and others.

also that the defendants may have twenty days to answer said amended complaint, after service thereof, and a copy of the order.

The motion is denied as above, with $10 costs, to the defendants, Henry Gilborn and wife, to be taxed and allowed to them in the final bill, on the adjustment of the costs of the action.

I am inclined to believe that in case the defendants omit to answer the complaint, the plaintiff must exhibit proof of his title, and the abstract of the conveyances as required under section 23 *of Title* 3, *of chap.* 5, *of part* 3, *of the Revised Statutes,* 2*nd vol.* 4*th ed.* 580. I· very much doubt whether any alteration of the law has taken place, authorizing the requirements of the Revised Statutes in this respect to be dispensed with.

The act of 1837, I am quite confident, does not confer authority upon the court to render judgment, declaring the rights, titles and interests of the parties to the action, without first ascertaining the facts in relation thereto, as directed by the Revised Statutes. Section 448 of the Code provides that the Revised Statutes relating to the partition of lands, &c., shall apply to actions for such partition brought under the Code, so far as the same can be so applied to the substance and subject matter of the action without regard to its form.

It is not necessary to decide or pass upon this branch of the plaintiff's motion, having already disposed of it upon other grounds, but the foregoing suggestions are made with a view of indicating the course of practice required in actions under the Code, for the partition of lands.

Motion denied with costs.