## DISBROW *a.* FOLGER.

*Supreme Court, First District ; Special Term, June,* 1857.

PARTITION SUIT.—APPOINTMENT OF GUARDIAN.—PROCEEDINGS.—
DOWER RIGHT.

Except in the first judicial district, an order for the appointment of a guardian *ad litem* of an infant defendant in a partition suit, can only be made by the *court.*

But in the first district such order may be made by a judge at chambers; and it operates as an order of the *court.*

What is necessary to constitute a valid appointment of a guardian *ad litem* for an infant married woman, defendant in a partition suit.

Where a sale is made in partition, within three years from the death of a former owner of the lands, the purchaser should be allowed, if he elects, to have a reference to ascertain whether there are any unpaid debts of the ancestor, for payment of which the land might be sold under order of the surrogate, and whether any will was left by him; and if either matter be found in the affirmative, the purchaser must be discharged from his purchase.

What order should be made for protection of a purchaser in partition against a contingent dower-right.

Motion to compel a purchaser under a sale in partition to take title.

The objections urged to the title tendered were based on alleged irregularities in the proceedings taken in the partition suit. The supposed defects are sufficiently stated in the opinion.

MITCHELL, J.—The purchaser objects to take the title for various reasons.

The bond of the guardian *ad litem* (this being a partition suit) was duly executed, but the order appointing the guardian is entitled as if made by the judge personally and at chambers. It was made in this district, where the judge at the same time and place holds chambers and special term. The order therefore can be amended at once, so as to read as the order of the *court,* and to be entitled at special term. The Revised Statutes require that the guardian in partition be appointed by the *court* (2 *Rev. Stats.,* 317, § 2). The Code applies this provision of the Revised Statutes as to partition, to actions for partition under the

Code, so far as the same can be applied to the *substance.* This may require that the *court* should appoint the guardian in these actions in other districts of the State. But there is a special provision for this district, that motions may be made here to a judge or justice *out of court*, except for a new trial on the merits. This applies to all motions except the one excepted; and as an application for an order is a motion (*Code*, § 401), the order for the appointment of a guardian in partition may be made in this district by a judge at chambers, and it operates as an order of the court.

The infant lived in California, and was a married woman; there was no service of the summons upon her, and no advertisement even commenced against her as a non-resident. Without such service or advertisement, the court could have no jurisdiction to appoint a guardian for her against her will. But an infant, when a suit is pending in which she is interested, may come in voluntarily to protect her own rights in the suit. This she did. Her husband did not join with her, and it was not necessary that he should.

The petition by the infant was not verified before a proper officer. It was enough that there was record evidence of the nature of the action, and that the guardian was thereupon duly appointed.

The proofs did not show that the guardian had no interest adverse to the infant; that now appears by affidavit. It is only a rule of court (not a statute) which requires such proof, and it is not essential to jurisdiction.

These remarks cover the formal objections.

It is next alleged that three years have not elapsed since the letters of administration were granted on the estate of the ancestor who owned the lands; that an order may be obtained within that period from the surrogate to sell the lands for payment of debts; and that it may also turn out that there is a will not yet discovered. These are questions of fact which must be established beyond any reasonable doubt against the purchaser, or he is not bound to take the title; but when they are so established, he must take it, although there may be a possibility that the result may prove to be different from what may now be established. The purchaser may, therefore, if he wishes, have a reference to ascertain whether there are any unpaid

debts or liabilities of the testator, and whether there is any will left by him; and if either matter be found as he alleges, he may be discharged with his costs; but if the contrary be found, he must complete the purchase and pay the costs of the reference. He should bear those costs, as the affidavits now presented make it very probable that the finding must be against him. This course has been directed before, on examination, and it is unnecessary now to refer to any authorities except a case heretofore decided by me, and to Spring *v.* Sandford (7 *Paige*, 552).

As the proceedings of the plaintiffs were not strictly formal, no costs are allowed on this motion.

The infant has only a contingent dower right in an undivided share. The principal of that one-third may, if the purchaser so elect, be retained in the Trust Company, to accumulate there until she shall be twenty-one years of age, and not to be paid out after she shall come of age (except the interest to her husband or his heirs), until she shall release her claim to it or depart this life, and at no time to be paid out without notice to the purchaser or his assigns, owners of this land.

---

## BENNETT *a.* LE ROY.

*New York Superior Court; Special Term, June,* 1857.

INJUNCTION.—SUIT IN CO-ORDINATE COURT.

No court in this State can rightfully enjoin a party from proceeding in a suit in another court of the State, having equal power to grant the relief sought by the complaint on which such injunction is asked.

If, in such a case, a party who has brought an action in one court be enjoined from proceeding further therein by an injunction issued from another court of co-ordinate powers, and if he proceed, notwithstanding such injunction, his proceedings will not be set aside, for that cause, as *irregular*.

But, in furtherance of justice, the party prejudiced by them will be relieved on such terms as may be just; but only upon consenting to a dissolution of the injunction, so far as it may interfere with the further prosecution of such action.

Motion to vacate a judgment for irregularity, or to open it and allow defendant to come in and answer upon terms.