Noble *v.* Cromwell.

———————•  •  •———————

NOBLE and wife *vs.* CROMWELL and others.

Any error in stating the interests and shares of the parties, in a partition suit, or any omission to state what, on motion, the plaintiff might have been compelled to insert by way of amendment, is not an irregularity which can affect the title, where the persons interested therein are all parties to the action, and are therefore concluded by the decree.

A purchaser will not be discharged because of the plaintiff's omission to allege, in his complaint, that there are no other parties in interest, or incumbrancers, than those joined ; nor on account of the referee's omission to annex to his report the searches for incumbrances.

Where a testator devised an undivided interest in real estate to a husband, in trust for his wife, during her life, and at her death to her heirs, subject to a life estate in the husband, if he survived her; *Held* that, on a partition, the proceeds of the interest so devised should be brought into court and invested, the income to be paid to the wife during her life, and to her husband after her death, if he survived her, and after his death, such proceeds to go to her heirs.

And the husband and wife being plaintiffs in the partition suit, and having taken judgment that their share of the proceeds should be paid over to them, instead of being so brought into court; *Held* that this was an irregularity for which the purchaser was entitled to be discharged, unless the judgment should be amended.

PETITION by Charles Bridge, the purchaser of premises sold under a decree in partition, to be discharged from his purchase. The complaint alleged that in March, 1847, Benjamin Brooks died leaving certain real estate, which was,

by his last will and testament, devised to his several children, in nine parts. That the land was subject to a mortgage, which was afterwards foreclosed, and the premises in question, upon the sale, were bought in by, and conveyed to, C. T. Cromwell, (the husband of one of the devisees,) for the benefit and account of all the devisees, according to the provisions of the will. That Cromwell conveyed to Harriet, the wife of the plaintiff, William H. Noble, "her undivided proportion of the premises, which was ascertained to be eleven and two-thirds per cent of the premises ; and that the other devisees under said will, or those who represent said devisees, are equitably entitled, in the same manner, to the same proportion or share thereof," except one of the defendants, an infant, &c. That the plaintiffs "are now seised in right of the plaintiff Harriet, as tenants in common with the defendants, of an estate in fee simple equal to eleven and two-thirds per cent, and an equitable interest for the other devisees, or their legal representatives, under and according to said will." The complaint further stated the interest claimed by the other defendants, and averred that Edward C. Bull, a party defendant, was entitled to be repaid, out of the share of the plaintiffs, an interest of $1000, and out of the share of Matilda Frye, one of the devisees, an interest of $522.50. The plaintiffs demanded judgment for an actual partition, or for a sale, and the division of the proceeds. By the will, the testator devised one share of the premises to William H. Noble, in trust for his wife, during her natural life, and to her heirs forever, subject to a life estate in the husband, after the death of his wife. The answer submitted the interests of the defendants to the court, for partition, and upon the usual reference a report was made by the referee, defining the interests of the parties. The interest of the plaintiffs was stated to be an interest, in the right of the wife, of eleven and two-thirds per cent. The referee certified that he had caused the necessary searches to be made, and that no creditor not a party had any lien on the premises,

Noble *v.* Cromwell.

except a mortgagee, whose lien was prior to the interests of all the parties. An abstract of the title was set forth in the report, but no searches were annexed. The report was confirmed, and judgment was given, directing a sale of the premises, and a division of the proceeds among the parties pursuant to the report; including the payment to the plaintiffs of eleven and two-thirds per cent, of the proceeds, as claimed in the complaint. The sale was had, under the direction of the referee, and his report of sale was confirmed. The petitioner was the purchaser at the sale. The present application to be discharged from his purchase was founded on objections to the regularity of the proceedings in the suit.

It appeared, upon the motion, that the action was commenced by an arrangement with one George Bridge, who had then a contract with several of the devisees, for interests amounting to fifty-one and one-third hundredths of the premises. Pending the partition suit, this contract was assigned by him to Charles Bridge, the petitioner; and before judgment, a deed, pursuant to the contract, was executed to him by some of the defendants. This deed was, by its terms, "subject to the partition action." The petitioner raised several objections to the regularity of the proceedings; among which were these: That he, the petitioner, George Bridge, and the children of the plaintiffs, should have been made plaintiffs; that the interests of the parties were not stated in the complaint with sufficient certainty; that it was not alleged that all the debts and legacies were paid, nor that there were no other incumbrancers; and that no searches for incumbrances were annexed to the report of the referee.

*J. M. Baldwin,* for the petitioner.

*Charles T. Cromwell,* defendant, in person.

INGRAHAM, J. Under a decree in partition in this case, Charles Bridge became the purchaser of certain premises in

the city of New York, which sale has not been completed; and he now moves for an order vacating the sale, for alleged irregularities in the proceedings, and for defects in the title to the premises.

The various objections taken to the proceedings, so far as they relate to the parties who appeared therein, cannot affect the title to the premises. Any error in stating the interests and shares of the parties, or any omission to state what, on motion, the plaintiffs might have been compelled to insert by way of amendment, would be immaterial, because the persons interested therein were all parties to the action, and are concluded by the decree.

So, also, the omission to allege that there were no incumbrances, and the omission to annex searches for incumbrances, to the report, would be immaterial. If there are any such incumbrances, the purchaser should furnish evidence thereof, and not rest his motion on the mere want of such certificates. (*Gardner* v. *Luke*, 12 *Wend.* 269. *Hall* v. *Partridge*, 10 *How.* 190.) The like remarks apply to the alleged want of an allegation in the complaint as to the wife of the testator; or as to when the will was proved; or that the parties were tenants in common; and others of a like nature. The omission to make these allegations does not prove that the contrary exists. If there is no foundation for any such suggestions, no harm can arise from their omission. If there be foundation for them, and liens and incumbrances, or defects, do exist, affecting the title, the petitioner can show, affirmatively, such incumbrance or defect. Not having done so, on this motion, it is fair to presume that none exist.

The property was conveyed to Bull as security, and it does not appear on the record that any reconveyance has been executed. In his answer, Bull admits his interest in the premises sought to be partitioned, to be as stated in the complaint. Having been made a party to the action, and having answered in this manner, he would be concluded by the judgment, and could not hereafter claim any other interest therein. I under-

stand it to be conceded that he has been paid the amount due him. But whether paid or not, he is concluded by the judgment, which declares that Edward C. Bull is not entitled to any interest in the premises.

The objections to the proceedings as to the infant defendants, were waived on the argument of the motion.

Some of the defendants had conveyed their shares in the property to the petitioner, before the judgment, and such change of interest is not noted in the judgment. The deeds show that such conveyances were made subject to the proceedings in partition, and were to vest in the purchaser the shares of the grantors as parties in the suit. The title could in no way be affected by such conveyances to the purchaser. By purchasing with full knowledge that he held these conveyances, he became vested with all the title of the parties to the action, as well by the sale under the judgment as by the conveyances, and he could not object, as a defect in the title, that in addition to the title acquired by the sale, he had also a title by deed from some of the parties. If he intended to claim adversely to the partition, he should not have purchased the premises at the sale under the judgment. The case of *Jackson* v. *Brown*, (3 *John.* 459,) cited by the petitioner, is not applicable, because the conveyance in that case was made before the proceedings in partition were commenced, and the grantee was not named in the proceeding.

By the will under which the parties claimed title to the premises, the testator, after dividing his property into nine parts, devised one share thereof to William H. Noble, in trust for his wife during her natural life, and to her heirs forever, subject to a life estate to the husband after the death of the wife. The title to the premises, under this devise, vested directly in the wife, and not in the trustee, during her life; (1 *R. S.* 728, § 49;) and the question is raised by the petitioner whether, after her death, the estate did not pass to the children of Mrs. Noble. Under the provisions of the revised statutes, (1 *R. S.* 748,) Mrs. Noble's children, if she left any

Noble *v.* Cromwell.

surviving, would be entitled to the fee, subject to the estate of the husband therein during his life, if he survived his wife. It is no answer to the objection taken by the petitioner to the title of the premises sold, in this respect, to say that there are no children shown to be in existence. It may or may not be the case at the time of her death. Until that event takes place, it is impossible to say who will be her heirs ; or whether her children, if she has any, will survive her.

The difficulty, however, which arises from this view of the case may be remedied by an amendment of the judgment, directing the share of the property in which Mrs. Noble has an interest, to be brought into court and invested ; the income to be paid to her during her life ; to her husband, if he survive her, after her death ; and to belong to the heirs of Mrs. Noble thereafter. The plaintiff should apply for an amendment of the judgment in this respect ; and if so amended, the sale can be completed. The general term of the supreme court, in this district, in *Mead* v. *Mitchell,* (September term, 1857,) have decided that with such a disposition of the fund the partition is good, and a good title can be given to the purchaser. (*See S. C. at special term,* 5 *Ab. Pr. Rep.* 92.)

The motion will be granted; unless the plaintiff, within thirty days, applies for, and obtains, an order amending the judgment in this respect. If so amended, the motion is denied.

The petitioner to be paid the costs of this application, out of the fund.

[NEW YORK SPECIAL TERM, January 4 1858. *Ingraham,* Justice.]