Cardozo, J.
I think the only material question is whether Robert McDermot, jr., is to be presumed to be dead, and if so, whether the title based upon that presumption is such as a purchaser should be obliged to take. The proof shows that he left this country about fifteen years ago on a whaling vessel, from which he deserted; that he was in the habit of writing to his mother, but that she has received no letter from him, nor has he been heard of in any way since the 28th of January, 1855, about thirteen years ago; that by letter of that date from Taleahuana, he informed her that something had grown over one of his eyes, threatening its loss, and that he in company with a shipmate had left the ship on which he sailed from this country, and had taken “ to the bush.”
There can be no doubt, therefore, that the absence thus shown, would, under the statute, raise a presumption of his death, in favor of a person having the remainder in property of which he held a life estate. This was not disputed on the argument.
In analogy to this and kindred statutes, the courts have held that the absence beyond the seas for seven years continuously, without being heard from, raises a presumption of *452 death. In other words, the courts have reduced the term of one hundred years which originally had to elapse before the presumption of death was raised, to the, shorter period of seven years. But after all, in either ease, whether of a long or short term, it is but a presumption; less likely of course, to be false in proportion to the length of the period, but still liable to be overcome by proof that the fact is different from the presumption. And the presumption might be disproved, even if the longest period was required for its basis ; because though rare instances of persons living beyond one hundred years have occurred.
The absence then for seven years having been established, the legal presumption of death attaches, and unless that presumption is either destroyed, or reasonable doubt cast upon it, I think the purchaser must be required to take the title.
A purchaser is compelled, even on a judicial sale, to take a title which rests only on adverse possession (Grady v. Ward, 20 Barb., 543), and such a title stands only upon presumption.
This question I think must be disposed of upon the same principles which were applied in Disbrow v. Folger (5 Abb. Pr., 53) to the objection that three years had not elapsed since letters of administration had been granted on the estate of the ancestor who owned the lands for the partition and sale of which the complaint in that action was filed. It was urged that an order might be obtained from the surrogate to sell the lands for the'payment of debts, and that a will might yet be discovered—either of which would defeat the title which it was sought to oblige the purchaser to take, but the court relying upon evidence from which it presumed against the probability of either of those events, compelled the purchaser to take the title, giving him however the right to have a reference, at his risk.and expense, in case of a decision against him—a privilege with the like risk which I will extend on the present occasion.
The Court* reversed the order-; delivering no written opinion, -but holding that the title was hot such as a court of equity would compel a purchaser to take.

 Present—Sutherland and Ingbaham, 33.