JOSHUA ROSEKRANS *v.* CORDELIA ROSEKRANS his wife, THOMAS WHITE and NANCY M. WHITE his wife, and others.

(SPECIAL TERM, MONROE COUNTY, MARCH, 1873.)

It seems section 448 of the Code was intended to retain all the provisions of the Revised Statutes in relation to the partition of lands, with the simple exception of changing it from a proceeding by petition to an action under the Code.

The wife of a tenant in common need not join as plaintiff with him in an action to partition his property. She is a necessary party, but more fittingly a defendant than plaintiff.

An objection that she is made defendant, and not a co-plaintiff, with her husband, could not avail other defendants in the action.

THIS was a demurrer to a complaint in partition upon grounds which appear in the opinion.

*M. V. Austin*, for the plaintiff.

*Mr. Rosekrans*, for the defendants, Thomas White and Nancy his wife.

RUMSEY, J. This action is commenced for the purpose of procuring the partition of certain premises described in the complaint, and if the same cannot be divided, for a sale of them.

The plaintiff is alleged to be the owner of one-half the premises, and other defendants to be the owners of the other half, in different proportions. The plaintiff's wife is made a party defendant and it is not alleged that she is the owner of any portion of the land, but it is alleged that she and the wives of other defendants, who are also made defendants, have an inchoate right of dower in the shares of their several husbands.

The defendants, Thomas and Nancy White, demur to the complaint, and assign for causes, amongst others, the following:

*Second.* There is a defect of parties plaintiff in omitting to make the plaintiff's wife Cordelia a co-plaintiff.

Rosekrans *v.* White.

*Third.* That it appears on the face of the complaint there is a defect of parties defendant by making Cordelia Rosekrans a defendant.

I have examined the defendants' authorities in this case and am of the opinion that the demurrer is not well taken.   It is true that section 117 of the Code provides, " that all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs," except, &c.   Giving to the word " may," as used in that section, the same force as if it was the word " must," as the defendants' counsel insists, it would require that all parties having the fee of the premises sought to be divided should be made parties plaintiff, for each of them has a direct interest in the subject of the action, the land, as well as in the relief demanded, the partition of it.   And such would evidently be the result but for section 448 of the Code which expressly provides that the provisions of the Revised Statutes relating to the partition of lands, shall apply to actions brought for such partition under the Code, so far as the same can be applied to the substance and subject-matter of the action without regard to its form.   The provisions of the Revised Statutes in regard to partition of lands (2 Rev. St., 316, § 1), are that one tenant in common may institute proceedings *against* his co-tenants, these co-tenants having the same interest in the subject of the action, the land to be aparted, and in the relief demanded, the partition of that land.   There seems to be little doubt that the 448th section of the Code was intended to retain all the provisions of the Revised Statutes in relation to the partition of lands, with the simple exception of changing it from a proceeding by petition, as it was to be by the Revised Statutes, to an action as provided for by the Code.

The wives of the several owners of the land are made parties to the action, not because they have now any direct interest in the land, nor because they will have any interest in it if it is divided.   If divided, the inchoate right of dower of the wife will attach to the parcels set apart to the husband.   It

Rosekrans *v.* White.

is only in case the land should in the progress of the action be sold, that it becomes necessary to have the wife a party to the action in order to have her inchoate right of dower cut off so that the purchaser may take the land divested of such inchoate right. In that case, her contingent interest in the land is transferred to the funds arising from the sale, and the court in disposing of these funds will see to it that the probable future interest of the wife therein be protected. Her presence in the action is necessary and proper only for these reasons, and it is manifest this can as well be accomplished when the wife is defendant as when she is plaintiff. The only real question before the court in the case in 8 Howard Pr. Rep. (456), was whether it was necessary to make the wife a party to the action at all, not whether she should be a plaintiff or defendant. With much deference to the learned judge who wrote the opinion in that case, I think he did not well consider the position when he suggested that the interests of the husband and wife were identical. It is evidently not so. If the land is sold, and the plaintiff in this case had no wife, he would be entitled to one-half of the entire fund arising from the sale, but having a wife she stands between him and the fund, a portion of which must be set apart to provide for her contingent right of dower, and to this extent at least the interests of the husband and wife are adverse. It was, therefore, more fitting to make her a defendant than a plaintiff.

For another reason this demurrer is not well taken. The only interest the demurring defendants have in the matter is, that all necessary parties should be made parties to the action. The plaintiff's wife is a necessary party, and she is made a defendant. She is in a position where all her rights may be finally passed upon and adjudicated, and if she does not complain of the position she occupies, the demurring defendants have no right to complain for her. They may object that persons who ought to be are not made defendants, but may not object that persons who ought not to be so, are made deiendants.

The demurrer is, therefore, overruled; but as the defendants who demur have made the necessary affidavit, they may answer over on payment of costs.

Note.—This case was unanimously affirmed by the General Term of the fourth department at June term, 1873.