Weise *v.* Welsh.

EDWARD WEISE and wife and others

*v.*

DAVID W. WELSH and wife.

By a will proved in 1846, a devise of certain limestone quarries was made to testator's daughter, for life, with remainder to her four daughters in fee. Under a lease from the life-tenant, given in January, 1876, for the term of three years, the husband of one of her daughters went into possession of and worked the quarries. The life-tenant died in September, 1877. On a bill for a partition of the quarries, filed by three of the daughters and their husbands against the fourth,—*Held,*

(1) That the husband of the fourth daughter (who claimed possession under the lease, notwithstanding the life-tenant's death) was a proper party.

(2) That, by virtue of his interest as husband, he might be enjoined from wasting the premises, as if he, and not his wife, were a tenant in common.

(3) That sufficient grounds for the appointment of a receiver existed.

(4) That an account against such husband could not be maintained in that suit. .

Bill for partition.  On general demurrer.

*Mr. G. A. Allen,* for demurrants.

*Messrs. Voorhees & Large,* for complainants.

THE CHANCELLOR.

This suit is brought by Edward Weise, James S. Weise and James Sliker and their wives, against David W. Welsh and his wife, for partition of certain land in Hunterdon

NOTE.—Although a dowress had, at common law, no such interest in lands as entitled her to partition, the rule was otherwise as to a tenant by the curtesy initiate or consummate. *Riker* v. *Darke,* 4 *Edw. Ch.* 668 ; *Walker* v. *Dilworth,* 2 *Dall.* 257 ; *Darlington's Case,* 13 *Pa. St.* 430 ; *Otley* v. *McAlpine,* 2 *Gratt.* 340. See *Hartmann* v. *Hartmann,* 59 *Ill.* 103.

county, and other auxiliary relief. The bill prays that a partition may be made; that Welsh, who claims the property under a lease which the complainants insist expired on or about the 20th of September, 1877, and is removing limestone therefrom, may be enjoined from committing waste of the premises; that the lease may be declared to be void; that in view of the fact that Welsh has excluded the complainants from possession and enjoyment of their interests in the property, and that it is important to the interests of all parties concerned in the property, that the limestone quarries be worked and the stone disposed of, since the existing market, which is an advantageous one, will be lost if the supply ceases, a receiver may be appointed to work the quarries and dispose of the stone in that market; that Welsh may, in this suit, account and pay for his use of the property since the expiration of his lease, and, if he fails to do so, that the amount due from him therefor may be deducted from his wife's share of the proceeds of the property, in case of sale, for the benefit of all the parties interested in the property; and for general relief. The female complainants are, with the female defendant, the owners of the property in fee. Their grandfather, by his will, which was proved in 1846, gave to their mother, who died on or about the 20th of September, 1877, an estate for her life, in the property, with remainder in fee to them. She, by lease dated on the 5th of January, 1876, demised the property to the defendant, David W. Welsh, for the term of three years from the 1st of April then next, at an annual rent of $300. After her death, he continued in possession, claiming, as he still does, that his lease is valid; and, under that claim and his possession of the property, he has been, and still was when the

---

If the title of lands was in the wife, her husband could join with her as complainant for a partition in equity. *Sears* v. *Hyer,* 1 *Paige* 483; *Rosekrans* v. *White,* 7 *Lans.* 486; *Ripple* v. *Gilborn,* 8 *How. Pr.* 456; *Spring* v. *Sandford,* 7 *Paige* 550; *Eckert* v. *Yous,* 2 *Rawle* 136. See *Brownson* v. *Gifford,* 8 *How. Pr.* 389; *Marston* v. *Ward,* 35 *Tex.* 797.

suit was begun, removing large quantities of the limestone, which he has sold for his own benefit, refusing to account to the female complainants who are the owners in fee of three-fourths of the property (his wife owning the remaining fourth), for the proceeds of such sales or any part thereof, and he is entirely insolvent. After the death of the life-tenant, and in October, 1877, the complainants empowered a person to take possession of the property in their behalf, and, as their agent, to work the quarries for the female complainants. Welsh gave possession to him, but in a few days thereafter prevented him and his workmen, by arrests in suits for trespass, and by threats and intimidation, from working the quarries, and thereupon began again to work them himself, on his own account, for his own benefit, and continued to do so up to the commencement of this suit.

Welsh demurs to the bill on the ground of want of equity; and that he has no right, title or interest in the property nor any possession of it which would prevent or interfere with a partition; and that the bill seeks to set aside his lease, and, by means of a receiver, to eject him from possession, and prays an account from and an injunction against him; and that the bill is multifarious, because it joins distinct and separate matters together which ought not to be united in the same bill.

That Welsh is a proper party to the bill, under the circumstances, cannot be doubted. The court cannot shut its eyes to the fact that the relation of husband and wife, with its practical community of interest, exists between him and

---

But if not made a party, she would not be bound. *Zimmerman* v. *Rapp,* 20 *Wend.* 100. See *Lee* v. *Lindell,* 22 *Mo.* 202.

In a suit for partition of lands *against* a married woman, her husband must be joined, or his rights are not affected. *Pillsbury* v. *Dugan,* 9 *Ohio* 117. See *Falls* v. *Hawthorn,* 30 *Ind.* 444; *Disbrow* v. *Folger,* 5 *Abb. Pr.* 53, 54.

As to the proper mode of allotment of a wife's share of realty after a partition, as between her and her husband, and its effect, see *Hallenbeck* v. *Bradt,* 2 *Paige* 316; *Cost* v. *Rose,* 17 *Ill.* 276; *Campbell* v. *Wallace,* 12 *N. H.* 362; *Furguson* v. *Tweedy,* 56 *Barb.* 168; *Millett* v. *Millett,* 12 *Jur.*

his co-defendant. He stands in a different position, by reason of such relation, from that which would be occupied by a mere stranger. He claims, indeed, under a lease from the life-tenant; but it is void, it expired with the lessor. Under pretence of its validity, he was, when the bill was filed, not only committing waste of the premises, but refused to account, and was insolvent. His claim of lease, although the lease was void, beclouded the title and would not fail to affect the price which the property would bring, if a sale should be ordered. A tenant in common may, in a suit for partition, be enjoined from committing waste. *Coffin* v. *Loper,* 10 *C. E. Gr.* 483. If the waste be committed by the husband of the tenant, there is surely enough in the practical community, if not actual identity of interest, between his wife and him, growing out of their marriage relation, to warrant the complainants in joining him in the bill with his wife, instead of instituting a separate suit against him, and so treating him as an entire stranger. And so, too, in regard to the lease. The husband of one of the tenants in common beclouds the title with a lease, under which, though it is void, he asserts a right to possession of the property until the end of the term (with the right to commit waste), to the exclusion of all the other tenants in common. To drive the complainants to a separate action to remove this cloud would be to encourage multiplicity of suits. The like considerations apply to the objections urged against the prayer for a receiver. A receiver may be appointed in a suit for partition where the circumstances of the case require

649; *Noble* v. *Cromwell,* 26 *Barb.* 475; *Lippincott's Case,* 3 *Hal.* 88; *Thompson* v. *Peebles,* 6 *Dana* 387, 394; 1 *Bish. on Mar. Wom.* §§ 607, 608; *Stoolfoos* v. *Jenkins,* 8 *Serg. & R.* 167; *Lancaster Bank* v. *Stauffer,* 10 *Pa. St.* 398.

As to the effect of the marriage of a party, pending the partition, see *Jackson* v. *Edwards,* 7 *Paige* 386; *De Louis* v. *Sage,* 13 *Iowa* 146; *Finch* v. *Jackson,* 30 *Ind.* 387.

Mere acquiescence by a husband cannot bind his wife or her heirs in a parol partition of her lands. *Bradstreet* v. *Pratt,* 17 *Wend.* 44; *Heavener* v. *Godfrey,* 3 *W. Va.* 426.—REP.

it, where it is necessary, in order to protect the complainants' right to the enjoyment of the property. *Low* v. *Holmes,* 2 *C. E. Gr.* 148; *High on Receivers,* § 607. Here the owners of three-fourths of the property are absolutely excluded from any participation in the use or enjoyment of it; not, indeed, by the other tenant in common, but by her husband; and he insists that he has a right to demand that he shall be dealt with in the premises as if he were a mere stranger. If the act complained of were the act of his wife, there could be no doubt as to the power of the court to grant the relief in this suit. The unity of husband and wife will be recognized under such circumstances as this case presents, so far as the preventive remedy is concerned.

As to the account sought against Welsh, the bill cannot be maintained, but it is good against him in every other respect.

The demurrer is too extensive. It will be overruled, with costs.