WILLIAM HENDRY *et ux. vs.* DANIEL HOLLINGDRAKE.

Proceedings for partition of realty by sale and distributing the price realized were begun within the time during which, by statute, the realty was subject to a lien for the debts of its former and deceased owner, if any such debts existed.

*Held*, that the proceedings for partition by sale should be stayed if there was the least probability that debts existed for whose payment the realty would be held.

*Held*, further, that partition by sale should be made, as it did not appear that there were any debts, and the circumstances showed an extreme improbability of the existence of debts.

BILL IN EQUITY for partition of realty.

*February* 16, 1889. PER CURIAM. The parties to this suit are tenants in common in fee simple of a lot of land in the city of Providence, the complainants being entitled to one half and the defendant to the other half. The complainants bring this bill for partition, and, inasmuch as the land is such that it cannot be divided by metes and bounds without a loss in value, they move for partition by sale and division of the proceeds. The title of the complainants came by will from the late Ellen Hollingdrake. The defendant objects to the partition as proposed, because the said Ellen died less than three and a half years ago, and the half of the estate which came from her is still subject to the statutory lien for her debts, if any there are, and the sale would be injuriously affected thereby. He cites the case of *Matthews* v. *Matthews*, 1 Edw. Ch. 565. In that case, however, it appeared that there were debts, and the personal estate was insufficient to pay them. The court refused for that reason to order a sale until it should be known whether a resort to the real estate would be necessary. In the case at bar it does not appear that there are debts remaining unpaid. On the contrary, it does appear that administration was granted on the estate of said Ellen two years and eight months ago, and that the administrator settled an account three months ago, showing a balance of $1,111.86 in his hands, and no debts had been shown. It also appears that the said Ellen was married to the defendant more than five years ago, and remained his wife until her death. It is highly improbable that she owed any debts when she died, and still more improbable that, if she did owe any, the fact would not be known to the defendant, and he does not pretend to know of the existence of any debts. In *Spring* v. *Sanford*, 7 Paige, 550, a case later in date than *Matthews* v. *Matthews*, under a decree for partition by sale, the land was bid off at auction, and the purchaser objected that the land might still be resorted to for the payment of debts. The court overruled the objection, on the ground that it did not appear that there were any debts to be paid, and said that, " if the existence of debts had been alleged, it would have been sufficient on the part of the respondents to have shown that the personal estate of the deceased was ample, so that there was no probability that the

real estate could ever be reached for the purpose of satisfying such debts." To the same effect is *Bogert* v. *Bogert,* 45 Barb. S. C. 121. In *Disbrow* v. *Folger,* 5 Abb. Pr. 53, the court held that the purchaser at such sale made within the period of the statutory lien was entitled to a reference to ascertain if there were debts unpaid, saying, however, that he would have to complete his purchase if none were found. In *Waring* v. *Waring,* 7 Abb. Pr. 472, the objection was made at the hearing on the suit for partition, but the court overruled the objection, because there was no sufficient proof of indebtedness. This last case seems to be exactly in point.

If there were, in our opinion, the slightest probability that there are debts for the payment of which the estate could be resorted to, we should, as a matter of course, suspend the proceeding. But it seems to us that the objection raised by the defendant, who, being solely in possession, profits by the delay, that there *may be* such debts, is too groundless to prevail. Let a decree for partition by sale be made.

*Samuel Ames & Nathan H. Truman,* for complainants.

*Marquis D. L. Mowry,* for respondents.