NEW YORK,
May, 1835.

Dibble.
v.
Rogers.

---

DIBBLE *vs.* D. & B. P. ROGERS.

In *ejectment,* long acquiescence by a plaintiff in an *erroneous location*, will authorize a jury to find that the plaintiff had *agreed* to a location *different from that given by his deed ;* and whether the plaintiff knew his rights or not, such location or acquiescence will conclude him.

The *declarations* as well as the *acts* of parties are competent evidence upon the question of location.

Where a deed is *acknowledged* by the grantor, before an acknowledging officer, the *identity* of the grantor may be proved by any third person, and need not be by the *subscribing witness ;* and in such case the *residence of the witness* need not be stated in the certificate ; it is only necessary to be stated where the execution of the deed is proved by the subscribing witness.

It *seems,* however, it would be well *in all cases* to state the *residence of witnesses* examined as well where the deed is acknowledged by the grantor and his identity proved, as where the execution is proved by a subscribing witness.

Where on the trial of action of ejectment, the defendant introduces a deed to show title in himself, but omits to prove that the deed covers

NEW YORK,
May, 1835.

Dibble
v.
Rogers.

premises in question, and no objection is taken to the defect of evidence until the summing up of counsel, it is in the discretion of the circuit judge whether he will permit the plaintiff to insist upon such defect, especially if he is satisfied that it was taken for granted in the progress of the trial that the deed covered the premises.

THIS was an action of *ejectment*, tried at the Saratoga circuit in June, 1832, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff claimed to recover the premises in question under a deed to him bearing date 24th April, 1810, from *Daniel Boardman*, whom it was admitted, at the execution of the deed, owned the premises in fee. The suit was commenced in October term, 1830. The premises are described in the deed by courses and distances, and are stated to contain 1¼ acres of land, be the same more or less. They lie in the form of a *parallelogram*, to the east of a stream of water, and according to the course and distances given in the deed, approach so near to the stream as to embrace ground through which the defendants have dug a canal or acqueduct, from a pond or reservoir lying southwardly of the premises, to a grist-mill situate northwardly of the same. The defendants, however, contended on the trial that the first course given in the deed, being *south eleven degrees west*, ought to have been *south eleven degrees east*, and that a location, based upon the line as it ought to have been, would throw the premises so far east as to leave the raceway to the west of the premises conveyed to the plaintiff; and in support of the defence thus assumed, they proved that, at the time of the conveyance to the plaintiff, the premises were enclosed by fences, and that the south fence was *on* or *near* a line running *south eleven degrees east* from the north-east corner of the premises conveyed to the plaintiff, which in the deed to the plaintiff is described as the place of beginning, and that the plaintiff entered into possession of the premises thus located, and ever since held them according to such location, maintaining and repairing the fences as he found them, and not pretending, until within a few years previous to the trial, that he had title to the land over which the canal or aqueduct was constructed. In addition to the

NEW YORK, *acts* of the plaintiff, the defendant proved his *declarations* or
May, 1835. *admissions*, that the premises conveyed to him did not include
Dibble         the ground through which the canal or raceway was dug.
v.             The evidence of *declarations* was objected to by the plaintiff,
Rogers.        but the objection was overruled. The evidence as to the *lo-
cation* of the premises by the plaintiff was very contradictory.
The defendants read in evidence a deed from *Daniel Board-
man* to *Orlando Boardman*, bearing date 14th January, 1813,
conveying certain premises, claimed by the defendants to in-
clude the ground over which the aqueduct was constructed,
and offered in evidence a deed of the same premises from *Or-
lando Boardman* to the defendants, bearing date 16th May,
1825. Both the subscribing witness to this deed and the
grantor were offered to prove the execution thereof, but were
excluded by the judge on the ground of interest. The de-
fendants then offered to read the deed in evidence as having
been duly *acknowledged*, in compliance with the requirements
of the statute. In the certificate of acknowledgment endorsed,
it was stated that on, &c. *Orlando Boardman* appeared be-
fore the judge who signed the certificate, and at the same time
*Benjamin Cowles*, who was personally known to the judge;
and that Cowles, being duly sworn, said that he was ac-
quainted with Boardman, and knew him to be the person de-
scribed in, and who executed the deed, which the judge cer-
tified was to him satisfactory evidence of the identity of Board-
man; and that thereupon Boardman acknowledged that he
executed the deed. The counsel for the plaintiff insisted that
the deed ought not to be received in evidence, because the sub-
scribing witness to the execution thereof was the only proper
person to identify the grantor, and because the *residence of the
witness* who identified the grantor was not stated in the cer-
tificate. The judge overruled the objections, and the deed was
read in evidence. In summing up the evidence, the counsel for
the plaintiff insisted that the defendants had failed to *locate* the
premises conveyed to them by the deed of Orlando Boardman.
The judge interrupted the counsel, and would not permit him
to urge the objection thus taken, saying that no objection of
that kind had been urged when the deed was offered, and
from the silence of the plaintiff at the time, it was taken for

granted that the deed covered the premises in question ; the witnesses were then probably gone, and he would not permit the question to be submitted to the jury in this manner by the closing counsel. The judge then charged the jury that this court could not rectify the mistake, if there was any in the deed ; that such mistake could be rectified only in chancery ; that there was no doubt of the plaintiff's right, originally, to the premises in dispute ; yet if he located his lot differently from the premises described in his deed, he would be concluded by such location. In commenting upon the testimony, he observed, that the acts of ownership over the premises in dispute, as well of the *plaintiff* as of *Boardman*, were equivocal, though the acts of boardman were more distinct and efficient than those of the plaintiff ; but from all their *acts*, nothing could be inferred with certainty as to the location of the lot, though, from the *admissions* of the plaintiff, there was no manner of doubt that the fences including all that the plaintiff claimed. He instructed the jury that a long acquiescence by the plaintiff in an erroneous location would authorize them to find that the plaintiff had agreed to a location different from that in the deed, and whether he knew his rights or not, such location or acquiescence in a location different from the true location in the deed would conclude him ; and if they should be satisfied that the plaintiff had agreed to a location of his lot different from what he was entitled to, or had assented to such location made by Boardman, and his long acquisecence in that location he instructed them was evidence of his assent, they would find for the defendants, otherwise for the plaintiff. The jury found for the defendants. The plaintiff now moves for a new trial.

*J. Ellsworth*, for the plaintiff.

*L. H. Palmer & S. Stevens*, for the defendants.

*By the Court* SUTHERLAND, J. The judge, in his charge to the jury, stated the principles of law applicable to the case correctly. He instructed them that a long acquisecence, in an erroneous location by the plaintiff, would authorize them to

NEW YORK,
May, 1835.

Dibble
v.
Rogers.

find that the plaintiff had agreed to a location different from that given by his deed; and whether he knew his rights or not, such location or acquiescence would conclude him; and if the jury were satisfied that the plaintiff had agreed to such a location, (of which his long acquiescence in the location contended for by the defendants was evidence,) that they would find for the defendants, otherwise for the plaintiff. This is the rule of law laid down by this court in *Rockwell* v. *Adams,* 7 *Cowen,* 762, and again, after a second argument, in the same case, in 6 *Wendell,* 467. It is believed that the authorities referred to in those cases fully sustained the principle. *Vide* 1 *Caines,* 363; 3 *Johns. R.* 8, 269; 7 *id.* 245, *per Van Ness, J.;* 8 *id.* 367; 9 *id.* 100; 17 *id.* 29. It has again been recognized in the recent case of *M'Cormick* v. *Barnum* 10 *Wendell,* 104, and in *Kipp Norton,* 12 *Wendell,* 130. The acquiescence in those cases varied from the period of 17 to 40 years. In this case it was about twenty years. Those cases also show that the *acts* and *declarations* of the parties are competent evidence upon the question of location. That their admission does not conflict with the principle that a man shall not be divested of his title to land by parol declarations 6 *Wendell,* 469. This disposes of the objection made to the testimony of Luke Fenton, objected to by the plaintiff. Substantially the same evidence, however, was subsequently given without objection.

The plaintiff insist in one of his points that the charge was erroneous, in not stating that if the land was practically located by survey before grant, no other location could be made of such grant after it was consummated by deed. There is a confusion of terms in this proposition which renders it somewhat obscure; but, as I understand it, it is this: that if A. sells a particular lot to B., and it is actually surveyed and a deed given according to such survey, that the courses and distances given in such survey and deed must prevail, although in his actual practical location, in taking possession, ignorantly and unintentionally departs from those courses and distances, erects fences and buildings accordingly, and holds in this manner for any length of time. The cases already referred to sufficiently answer this proposition; and upon prin-

ciple, there can be no distinction between such a case and a case where the deed is of a particular lot, designated by a number or otherwise, without courses or distances. The question cannot arise, until the fact is shown that the deed covers premises different from those upon which the party actually located ; and whether the true location of the deed appears from a survey made at the time, or by reference to some anterior survey, or other ascertained fact, cannot, that I perceive, be at all material.

The evidence most abundantly supports the verdict as to the plaintiff's uniform and long continued acquiescence in a location according to his present succession. The charge upon this point might well have been stronger in favor of the defendants. The plaintiff, at all events, has no right to complain of it. It would not be profitable to recapitulate or analyze the evidence. As it appears upon paper, no discreet jury could have come to a different conclusion.

The deed from Daniel to Orlando Boardman was properly received in evidence. It was acknowledged by the grantor, and his identity was proved by the oath of one Benjamin Cowles. The certificate of acknowledgment was objected to by the counsel for the plaintiff, on the ground that the subscribing witness was the only proper person to identify the grantor, and also that the certificate did not state the *residence of the witness* who did identify the grantor. Where a deed is *acknowledged,* the officer taking the acknowledgment must know or have *satisfactory evidence* that the person making such acknowledgment is the individual described in and who executed such conveyance. 1 *R. S.* 758, § 9. The evidence of identity must be *satisfactory to the officer,* but it need not be given by the *subscribing witness ;* nor does the statute undertake to regulate the judicial discretion of the officer in this respect. The 12th section prescribes *the mode of proving the execution of conveyances.* It directs that proof shall be made *by a subscribing witness thereto,* who shall state his own place of residence, and that he knew the person described in and who executed such conveyance ; and such proof shall not be taken, unless the officer is personally acquainted with such subscribing witness, or has satisfactory evidence that he is the

same person who was a subscribing witness to such instrument. Then comes the 15th section, which makes it the duty of every officer who shall take the acknowledgement or proof of any conveyance, to endorse a certificate thereof, signed by himself, on the conveyance; and in such certificate he is required to set forth the matter *herein* (i. e. in the statute) before required to be done, known or proved, on such acknowledgment or proof together with the names of the witnesses examined before such officer, and *their places of residence,* and the substance of the evidence by them given. Where a subscribing witness proves the execution of a conveyance, he is required by the 12th section, among other things, *to state his place of residence.* This is the only case in which a witness is required to do so under these provisions; and the direction to the officer in the 15th section, to state *the places of residence of the witnesses* examined before him, may be satisfied by requiring it in those cases only, in which the statute directs the witnesses themselves to state it in their examination. It is true the language is very broad; and in order to avoid all question upon the subject, officers ought to state the places of residence of the witnesses. But in a case like this, I think the acknowledgment may be sustained, where there is no other objection to it.

It was a matter of direction with the judge, whether he would permit the closing counsel, in his address to the jury, to contend that the defendants had not shown that their deeds covered the premises in question, when the fact was taken for granted, and not denied during the whole progress of the trial. The judge put it upon the ground, that if that fact was now denied, the witnesses ought to be recalled and examined in relation to it. He remarked that they had probably gone home, and that in that stage of the case it was not fit or proper to raise a new point upon a matter of fact. But it is not material, in this action, whether the defendants showed title or not. The plaintiff must recover on the strength of his own title.

New trial denied.