MARY IRVING, as Trustee, etc., Respondent, *v.* JAMES J. CAMPBELL, Appellant.

A promise to convey a good title is always implied in an executory contract for the sale of lands, and a purchaser is never bound to accept a defective title unless he expressly stipulates to take such title, knowing its defects.

A good title means not only a title valid in fact, but a marketable title that can again be sold to a reasonable purchaser, or mortgaged to a person of reasonable prudence.

A purchaser will not generally be compelled to take a title where there is a defect in the record title which can be cured only by a resort to parol evidence, and there has not been an undisputed adverse possession for a time sufficient to give title thereby.

A conveyance of lands can be proved only by the acknowledgment to a public officer of its execution by the person making it, or by the affidavit of a subscribing witness having a place of residence, which must be stated to the officer taking the proof, and inserted by him in the certificate required to be made and indorsed on the conveyance. (1 R. S. 756, § 1 *et seq.*)

In an action to compel the specific performance of a contract for the sale of land, plaintiff claimed to have acquired the title from L., who, it was conceded, was the former owner of the land. As evidence of the conveyance plaintiff produced a certified copy, from the proper office, of the record of a deed dated in 1871, about sixteen years before the time fixed for the performance of the contract, purporting to have been executed by L. and acknowledged and proved by T., a subscribing witness. The certificate of acknowledgment did not state the place of residence of the subscribing witness. It was also proved by parol that the deed was actually made and delivered, but that it had been lost. *Held,* that the acknowledgment did not authorize the deed to be recorded or the certified copy to be read in evidence; and that, although it appeared that the subscribing witness was one whose person and place of residence were well known, the title tendered was not such as defendant was bound to accept.

*Dibble* v. *Rogers* (13 Wend. 536); *Jackson* v. *Gumaer* (2 Cow. 552); *W. P. I. Co.* v. *Reymert* (45 N. Y. 703); *Trustees, etc.,* v. *McKechnie* (90 id. 618), distinguished.

*Irving* v. *Cambell* (24 J. & S. 224), reversed.

(Argued April 18, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made October 29, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts so far as material are stated in the opinion.

*Alex. Thain* for appellant. The conveyance from Thomas Lawrence to Eliza Irving was not legally established. (*Dibble* v. *Rogers,* 13 Wend. 532; *Boyd* v. *Schlesinger,* 59 N. Y. 301; *Beekman* v. *Frost,* 18 Johns. 544.) The attempt to obviate

this objection in the absence of the original deed, and without Lawrence or his heirs at law being before the court, must fail. (3 Wait's Act. & Def. 162, 163 ; *Fleming* v. *Burnham*, 100 N. Y. 1 ; *Shriver* v. *Shriver*, 86 id. 575, 584, 585 ; *B. P. Comrs.* v. *Armstrong*, 45 id. 234; *Kopp* v. *Kopp*, 48 Hun, 532; *Moore* v. *Williams*, 115 N. Y. 586; *Todd* v. *U. D. S. Inst.*, 20 Abb. [N. C.] 270, 274 ; 28 N. Y. S. R. 697; *Fryer* v. *Rockefeller*, 63 N. Y. 268; *Schaumburg* v. *Hepburn*, 39 Mo. 125; Pom. on Spec. Perf. [3d Am. ed.] 870, 872; *Chase* v. *Chase*, 95 N. Y. 373, 380; *Emery* v. *Grocock*, 6 Madd. 54; *Barnwell* v. *Harris*, 1 Taunt. 400; *Pyrke* v. *Waddinghorn*, 10 Hare, 1; *Toole* v. *Toole*, 112 N. Y. 333; *Wright* v. *Chrystie*, 39 Mo. 125 ; *Harris* v. *Lester*, 80 Ill. 307.) The title offered is defective in that the plaintiff, as trustee, has no power under the instrument creating the trust, to make such conveyance as was tendered defendant. ( *Verdon* v. *Slocum*, 71 N. Y. 345; *Wright* v. *Miller*, 8 id. 9; *Abbot* v. *James*, 111 id. 673 ; *Moore* v. *Appleby*, 108 id. 237; *McPherson* v. *Smith*, 49 Hun, 254.) Plaintiff's title was not established by adverse possession. (*Moore* v. *Williams*, 115 N. Y. 586, 599; *Kopp* v. *Kopp*, 48 Hun, 532; *McPherson* v. *Smith*, 49 Hun, 354; *Fleming* v. *Burnham*, 100 N. Y. 1; *Abbott* v. *James*, 111 id. 673.) The fact that the heirs of Lawrence cannot be found by Mrs. Irving, who had direct business relations with him, or by Tucker, who was his counsel, or a quitclaim from them obtained, or a proceeding to quiet the title commenced, are suspicious circumstances in themselves, and, unexplained by the plaintiff, should be sufficient to excuse performance by defendant. (*McPherson* v. *Smith*, 49 Hun, 254.) There can be no specific performance of the contract in question. (*P. C. Co.* v. *D. & H. C. Co.*, 31 N. Y. 91.)

*James B. Dill* for respondent. The conveyance from Thomas Lawrence to Eliza Irving was legally established. ( *W. P. L. Co.* v. *Rymert*, 45 N. Y. 703; *Trustees, etc.*, v. *McKechnie*, 90 id. 618; *Jackson* v. *Gumaer*, 2 Cow. 552; *Throop* v. *Haight*, Hopk. Ch. 239; *Duval* v. *Covenhoven*, 4

Wend. 561; *Merriam* v. *Harrison*, 4 Edw. Ch. 70; *McIntyre* v. *Ward*, 5 Binn. 296; *Trustees, etc.*, v. *Wheeler*, 61 N. Y. 98; *Brown* v. *Volkening*, 64 id. 76; *Phelan* v. *Brady*, 21 Abb. [N. C.] 286; *Hellreigel* v. *Manning*, 97 N. Y. 60; *Pope* v. *Allen*, 90 id. 298; *Heck* v. *Volz*, 14 N. Y. S. R. 409; 107 N. Y. 41.) The trustees had full power to convey. (*Cook* v. *Platt*, 98 N. Y. 35; *Orego* v. *Clark*, 47 Barb. 614; 51 N. Y. 646; *Hotchkiss* v. *Elting*, 36 Barb. 38; 1 R. S. 727, §§ 45, 47, 49.) The objection to the title that Gideon J. Tucker did not join with his wife in the release of her dower right in the premises has no merit. (*A. Ins. Co.* v. *Bay*, 4 N. Y. 9; 80 id. 630; *M. Bank* v. *Thompson*, 55 id. 7, 12.)

RUGER, Ch. J. The object of this action was to compel the specific performance by the defendant of a contract made April 18, 1887, to purchase from the plaintiff certain real estate in the city of New York. Upon May 18, 1887, the day appointed for the performance of the contract, the plaintiff duly tendered to the defendant a deed, sufficient in form, to convey the premises described, executed by her as grantor. The defendant objected to the proposed title, among others, upon the ground that there was no legal evidence of the transfer of title by Thomas Lawrence, through whom the plaintiff claims.

It was conceded on the trial that Thomas Lawrence had title to the premises previous to and in the year 1871, and it was claimed that on November twenty-third of that year he conveyed the same to Eliza Irving, the plaintiff's grantor, by warranty deed. This deed was attempted to be proved by a copy of the record in the register's office of the city of New York, duly certified by him to be a correct copy thereof. From such certificate it appeared that a deed from Thomas Lawrence to Eliza Irving of the premises in question, purporting to have been acknowledged and proved by Gideon J. Tucker, the subscribing witness thereto, had been recorded in such register's office. This acknowledgment *did not state the place of residence* of the subscribing witness, neither did that

fact appear from any part of the deed, or the notarial certificate. Thomas Lawrence, the grantor, died unmarried and childless in 1875 or 1876, and the original deed was shown to have been lost at about that time; so that the only written evidence of its execution consisted of the record referred to.

At the time fixed for the performance of the contract, the plaintiff and her grantor had occupied the premises for about sixteen years only, and failed by about four years from completing the possession necessary to perfect title by adverse possession. That the deed from Lawrence to Eliza Irving was actually made and delivered to the grantee by Lawrence was satisfactorily proved upon the trial of this case; but such proof rested altogether in parol, and might or might not be available to the holders of title under the plaintiff in any subsequent litigation between them and adverse claimants under Lawrence. It is not disputed by the respondent but that the purchaser under this contract was entitled to a marketable title, free from any reasonable doubt, and she undertakes to sustain the contention that this is such title, mainly by the claim that the Lawrence deed was properly recorded.

The question as to what constitutes a marketable title 'has been the frequent subject of discussion in this court in recent cases, and may be regarded as settled by authority. The rule as to the quality of such title is quite fully stated by Judge EARL, in *Moore* v. *Williams* (115 N. Y. 586). He there says: " There is no record or document which precludes Barnes from enforcing his judgment against the lot. The recitals in the deed of Guion to these defendants do not bind him and are not evidence against him, a prior incumbrancer. All the evidence to defeat his lien rests in parol and depends upon the memory of living witnesses. Whenever Barnes attempts to enforce his lien against the lot, he can be defeated only by a resort to the evidence of such witnesses who may then be dead or inaccessible. * * * Is a purchaser bound to take a title which he can defend only by a resort to parol evidence, which time, death or some other casualty may place beyond his reach ? * * * Aside from the language used

in the contract it is familiar law that an agreement to make a good title is always implied in executory contracts for the sale of land, and that a purchaser is never bound to accept a defective title, unless he expressly stipulates to take such title, knowing its defects. * * * A good title means not merely a title valid in fact, but a marketable title, which can again be sold to a reasonable purchaser or mortgaged to a person of reasonable prudence as security for a loan of money. A purchaser will not generally be compelled to take a title when there is a defect in the record title which can be cured only by a resort to parol evidence." It was also said by Judge ANDREWS, in *Fleming v. Burnham* (100 N. Y. 10): "A title open to a reasonable doubt is not a marketable title. The court cannot make it such by passing upon an objection depending upon a disputed question of fact or a doubtful question of law, in the absence of the party in whom the outstanding right was vested. He would not be bound by the adjudication, and could raise the same question in a new proceeding. * * * It would especially be unjust to compel a purchaser to take a title, the validity of which depended upon a question of fact, where the facts presented upon the application might be changed on a new inquiry or are open to opposing influences." See *Vought v. Williams* (120 N. Y. 253).

Whatever conclusion might be reached by us in this case as to the validity of the plaintiff's title must, therefore, be unavailing to her grantee in any future contest with claimants under Lawrence, either by inheritance or purchase. In the absence of a good record title he must necessarily be driven to rely for a defense upon parol evidence which might then be accessible or not, according to circumstances beyond his control. It would seem, therefore, from the authorities, that the title tendered to the defendant was not so free from reasonable doubt as to require him to accept it, unless we conclude that the Lawrence deed was properly acknowledged, so as to entitle it to be recorded. It, therefore, becomes material to consider the sufficiency of the acknowledgement of this deed. These acts (3 R. S. [7th ed.] 2215, §§ 1–17) provided,

among other things, that an unrecorded deed shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate. (§ 1, chap. 3, part 2.) Such deed may be so acknowledged as to be entitled to be recorded by the person executing it, or by a subscribing witness. (§ 12.) When the proof is made by a subscribing witness he shall state his place of residence and that he knew the person described in and who executed such conveyance. (Id.) "Every officer who shall take the acknowledgment or proof of any conveyance shall indorse a certificate thereof, signed by himself, on the conveyance, and in such certificate shall set forth the matters hereinbefore required to be done, known or proved on such acknowledgment or proof, together with the names of the witnesses examined before such officer, and the places of their residence, and the substance of the evidence given by them." (§ 15.) "Every conveyance acknowledged or proved and certified in the manner above prescribed, by any of the officers before named, may be read in evidence without further proof thereof and shall be entitled to be recorded." (§ 16.) "The record of a conveyance duly recorded, or a transcript thereof duly certified, may also be read in evidence with the like force and effect as the original conveyance." (§ 17.)

It would thus appear by the express language of the statute that a conveyance of lands can be proved only by the acknowledgment to a public officer of its execution by the person making it, or by the affidavit of a subscribing witness having a place of residence, which must be stated to the officer taking the proof, and inserted by him in the certificate required to be made and indorsed on the conveyance. The provisions of the Revised Statutes were mostly new and effected radical changes in respect to the laws relating to the proof and acknowledgment of conveyances, and especially in regard to such proof when made by a subscribing witness. The revisers, in their notes upon section 15, say that so much thereof as refers to the residence of witnesses, is new and was "deemed desirable in order to detect fraud or to sustain an honest deed." (5 Statutes

at Large, 345.) The established canons for the construction of statutes require the courts to examine the condition of the law prior to the adoption of the statute, in order to discover its reason and purpose, and to so interpret it as to give effect to such purpose and object. (*Waller* v. *Harris*, 20 Wend. 555.) The imperative language of the statute respecting the residence of subscribing witnesses, as well as its plain object, would seem to preclude the court from considering its requirements as either directory or immaterial. It was plainly intended to remedy defects in the pre-existing law which experience had shown to be dangerous. Proof of a conveyance by a subscribing witness, being liable to be rebutted by evidence that he was interested or incompetent (§ 17), it became important that parties interested should have some means of identifying such witness aside from his mere name, which, in many cases, would be misleading and unreliable. The witness is, therefore, expressly required to state his residence, and that fact must also be incorporated in the certificate. The requirement has, in the safeguard it affords the public against frauds, a plain and obvious purpose to serve which cannot be disregarded without opening the door to the most manifest abuse and imposition. To consider the provisions as directory or immaterial, violates the language of the statute, deprives it of its efficacy, and puts in the power of unknown and unascertainable persons the opportunity to foist upon the record evidence of important transactions in real estate without any adequate security against imposition and fraud. It is not necessary that this certificate should be expressed in the exact language of the statute, or according to any precise form; but, in respect to its substantial provisions, it is indispensable that they should in some way be contained in it and convey to all persons knowledge of the required information. In the certificate in question no attempt is made to comply with the requirement of the statute in respect to the residence of the witness, and there is nothing in the circumstances surrounding the transaction which can properly supply the omission to do so. We have not been referred by the respond-

ent to any authority on the point holding such an acknowledgment to be valid or sufficient. In *Dibble* v. *Rogers* (13 Wend. 536), it was held, where a deed was acknowledged by the grantor, that the identity of the person making the acknowledgment was not required to be proved to the officer taking it by the subscribing witness, but that other persons acquainted with him might make the necessary proof, and the certificate would be sufficient although the residence of such witness was not stated therein. It was assumed, however, in the opinion that the statute required the residence of the witness to be imperatively stated only in the case of a subscribing witness making proof himself of the execution of the deed. It was held in *Fryer* v. *Rockefeller* (63 N. Y. 268) that an acknowledgment which failed to state that the persons making it were known to the officer as the persons described in and who executed the deed, although it did state they were "grantors of the within indenture," was fatally defective and did not entitle the deed to be recorded.

We find no authorities holding that a material provision of the statute expressly required to be stated can be wholly disregarded, and a deed thus acknowledged lawfully admitted to record. That a deed improperly recorded cannot be read in evidence has been determined in numerous cases. (*Morris* v. *Keyes*, 1 Hill, 540; *Clark* v. *Nixon*, 5 id. 36.)

The cases of *Jackson, ex dem.* v. *Gumaer* (2 Cow. 552); *West Point Iron Co.* v. *Reymert* (45 N. Y. 703), *Trustees, etc.*, v. *McKechnie* (90 id. 618), referred to by the respondent, are not authorities on the point. These cases all arose under deeds executed previous to the adoption of the Revised Statutes, and under a statute which did not require the residence of the subscribing witness to be stated in the certificate of acknowledgment.

We should have been gratified in this particular case if we could have reached a conclusion in favor of the sufficiency of the plaintiff's title, because we feel convinced that the lapse of time will soon cure any defects in their title, but a careful regard for the salutary provisions of the statute has seemed

to us to forbid such a result. The mere fact that in this case the subscribing witness was a well known and respected citizen, whose residence was widely known, cannot work a change in the general rule provided by statute, and we are, therefore, constrained to hold that the acknowledgment in this case does not entitle the Lawrence deed to be read in evidence.

The judgment of the General and Special Terms should, therefore, be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.