PAOLILLO v. FABER.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

1. REAL ESTATE—POWER OF ATTORNEY.

Under a power of attorney containing a power of sale, and authorizing the attorney to execute a deed of conveyance of the land in question, the attorney had authority to convey the title to the land by sale.

2. SAME—DEFECTIVE ACKNOWLEDGMENT.

1 Rev. St. (Banks & Bros.' 9th Ed.) p. 1836, pt. 2, c. 3, § 9, prohibits an officer from taking the acknowledgment of the execution of the deed of conveyance unless he knows or has satisfactory evidence that the person making the acknowledgment is the individual described in, and who executed, the conveyance. Section 15 requires him to certify that he has such knowledge or evidence. *Held*, that a notary's certificate of acknowledgment to a power of attorney, "Before me came J., to me personally known, and acknowledged the above letter to be his act and deed," was defective, in not stating that the person who appeared before him was known to him to be the person described in, and who executed, the power of attorney.

3. SAME—MARKETABLE TITLE.

Where a title to land could be fairly questioned by reason of a defective acknowledgment to a power of attorney to convey the same, a contracting purchaser was not required to take the land, he being entitled to a marketable title.

4. SAME—RECORD.

A power of attorney is not excluded from Real Property Law, § 244, defining conveyances, etc., and hence a power of attorney not properly acknowledged is not entitled to record.

Appeal from special term, New York county.

Action by Joseph Paolillo against Charles Faber. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Headley M. Greene, for appellant.

William E. Cook, for respondent.

McLAUGHLIN, J. The parties to this action entered into a written contract by which the plaintiff agreed to buy and the defendant to sell certain real estate for a specified consideration, $200 of which was paid at the time the contract was executed. At the time fixed for the completion of the contract by the delivery of the deed, the plaintiff refused to accept the title tendered by the defendant, upon the ground that it was not a marketable one; and, defendant having refused to return the $200 theretofore paid, this action was brought to recover such sum, together with the expenses incurred in searching the title. The plaintiff had a judgment, from which the defendant has appealed.

The defendant acquired his title from one Thompson by a deed of conveyance signed by one Kohler as attorney in fact for Thompson, and the objections made by the plaintiff to the defendant's title are (1) that this power of attorney is defective, and did not authorize the attorney to pass the title by sale; and (2) that the acknowledgment to the power of attorney is defective, in that it did not comply with the statute. We do not think there is any validity to the first objection. The power of attorney contains a power of sale, and authorized Kohler to execute the deed of conveyance of the land in question. But the other objection we think is valid. The acknowledgment to the power of attorney is as follows:

"State of New York, City and County of New York—ss.:

"Be it known that on the fifth day of December, in the year one thousand eight hundred and ninety-four, before me came Joseph A. Thompson, to me personally known, and acknowledged the above letter of attorney to be his act and deed.

"In testimony whereof, I have hereunto subscribed my name the day and year last above written.  L. N. Tuck,

"Notary Public for Kings County. Certificate filed in New York County, N. Y."

This did not comply with the statute. It was defective in that the notary taking the acknowledgment did not state that the person who appeared before him was known to him to be the person described in, and who executed, the power of attorney. Such information must be contained in the certificate of acknowledgment, and unless it is the paper is not entitled to be recorded. The language of the statute is:

"No acknowledgment of any conveyance having been executed, shall be taken by any officer unless the officer taking the same shall know or have satisfactory evidence that the person making such acknowledgment is the individual described in and who executed such conveyance." 1 Rev. St. (Banks & Bros.' 9th Ed.) p. 1836, pt. 2, c. 3, § 9.

Section 15 reads:

"Every officer who shall take the acknowledgment or proof of any conveyance shall endorse a certificate thereof, signed by himself on the conveyance, and in such certificate shall set forth the matters hereinbefore required to be done, known or proved on such acknowledgment or proof, together with the names of the witnesses examined before such officer and their place of residence and the substance of the evidence given by them."

It will be observed that the statute prohibits an officer from taking the acknowledgment of the execution of a deed of conveyance unless he knows or has satisfactory evidence that the person making the acknowledgment is the individual described in, and who executed, the conveyance. It not only prohibits the officer from doing this, but it requires him, if he takes an acknowledgment, to put into his certificate that he has such knowledge or evidence, and unless he does this the acknowledgment is defective. Irving v. Campbell, 121 N. Y. 356, 24 N. E. 821, 8 L. R. A. 620; Fryer v. Rockefeller, 63 N. Y. 268. In Irving v. Campbell, supra, where a notary's certificate was under consideration, the court held that the absence from the certificate of the address of a subscribing witness rendered the certificate defective, and because of such defect the title to the land there in question was not free from reasonable doubt. Chief Judge Ruger, who delivered the opinion, said:

"It is not necessary that this certificate should be expressed in the exact language of the statute, or according to any precise form; but, in respect to its substantial provisions, it is indispensable that they should in some way be contained in it, and convey to all persons knowledge of the required information."

And in Fryer v. Rockefeller, supra, it was held that an acknowledgment which did not state that the persons making it were known to the officer as the persons described in, and who executed, the deed, although it did state they were "grantors of the within indenture," was so defective that the deed was not entitled to be recorded. A purchaser of real estate is entitled to a good record title. He is entitled to a title free from reasonable doubt. Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905; Vought v. Williams, 120 N. Y. 253, 24 N. E. 195, 8 L. R. A. 591. And whenever a title can be fairly questioned a contracting purchaser will not be required to take it. McPhearson v. Schade, 149 N. Y. 16, 43 N. E. 527.

But it is urged that the real property law, in defining a conveyance, excludes a power of attorney, and for that reason the rule relating to the acknowledgment of a deed of conveyance does not apply. This is not so, for the real property law expressly declares that, to entitle a power of attorney to be recorded, it must be "acknowledged or proved and certified in the manner to entitle a conveyance to be recorded." Real Property Law, § 244.

The judgment appealed from is right, and must be affirmed, with costs.

RUMSEY, PATTERSON, and O'BRIEN, JJ., concur. VAN BRUNT, P. J., concurs upon the ground that the acknowledgment is defective.