### SMITH v. GUARANTEE DENTAL CO.

(Supreme Court, Appellate Term. February 5, 1909.)

1. ACKNOWLEDGMENT (§ 6*)—DEFECTIVE CERTIFICATE—ACKNOWLEDGMENT BY CORPORATION—ADMISSIBILITY OF INSTRUMENT IN EVIDENCE.

Code Civ. Proc. § 937, permits any instrument with certain exceptions to be proved or certified in the manner prescribed for taking and certifying the acknowledgment or proof of a conveyance, when it is evidence in the same manner as a conveyance. Real Property Law (Laws 1896, p. 612, c. 547) § 258, requires the acknowledgment of a corporate conveyance to be made by an officer authorized to execute it by the board of

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

directors, and prescribes its form, and section 255 provides that, where a conveyance is proved or acknowledged, the certificate of the officer taking the proof must state all matters to be done, known, or proved on the taking of such proof. *Held*, that a certificate of acknowledgment of a lease by a corporation, which did not show who the person signing the lease was, his residence or connection with the corporation, or that he signed the lease by order of the board of directors, did not substantially comply with the statute, so that the lease was not admissible in evidence.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. § 56; Dec. Dig. § 6.*]

2. EVIDENCE (§ 370*) — DOCUMENTARY EVIDENCE — PRELIMINARY EVIDENCE — PROOF OF AUTHORITY TO EXECUTE—CORPORATE LEASES.

Even if the president of a corporation had the power to execute a lease for it, and the signature of one signing a lease for the corporation was sufficiently proved, where it was not shown that the person signing it was president of the corporation at the time, the lease would not be admissible in an action thereon against the corporation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1566; Dec. Dig. § 370.*]

3. EVIDENCE (§ 370*)—DOCUMENTARY EVIDENCE—PRELIMINARY PROOF—AUTHORITY OF CORPORATE OFFICER.

In an action against a corporation for rent, a check, introduced to show a ratification of the lease by the corporation, which was signed by one described as president of the corporation, was inadmissible where it was not shown to have been signed by him, or that he was then president of the corporation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1566; Dec. Dig. § 370.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Clement H. Smith against the Guarantee Dental Company. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Charles Stein, for appellant.

Langbein & Langbein (J. C. Julius Langbein, of counsel), for respondent.

GIEGERICH, J. The action is to recover rent for the months of June and July, 1908, under a written lease, alleged to have been executed by the defendant on or about the 18th day of November, 1907, for a term of three years to commence May 1, 1908. The complaint alleges that the defendant was a domestic corporation, the making of the lease, the payment by the defendant of the rent reserved for the month of May, 1908, and the nonpayment of the rent sued for. The answer admits the incorporation of the defendant and the nonpayment of the rent, and denies each and every other allegation of the complaint. The plaintiff's claim rested wholly upon the written lease, and, to prove his right to recover, he offered the lease in evidence, which was received over the defendant's objection. I think the admission of the lease in evidence was error, and, as that instrument is the foundation

of the plaintiff's cause of action, the judgment must be reversed. The plaintiff testified, under objection, that the paper in question was "the lease you [he] made with respect to these premises with the defendant." The lease was then admitted in evidence, and the defendant excepted. Whether or not the lease was made with the defendant corporation was the principal issue in the case, and the plaintiff's testimony to his conclusion on that point was not enough to authorize the admission of the paper in evidence. The respondent, however, relies upon the certificate of proof of the instrument as entitling it to admission without further proof. Code Civ. Proc. § 937. The lease purported to be made between the plaintiff and the defendant, the latter being therein described as a corporation organized under the laws of the state of New York. It was signed, on the part of the lessee, "Guarantee Dental Co., by Joseph Semon, Prest.," and it also bore the signature of a subscribing witness. The certificate of proof was in the following form:

"State of New York, County of New York—ss.:

"On this 6th day of July, 1908, before me personally came Joseph L. Zoetzl, the subscribing witness to the within instrument, with whom I am personally acquainted, who being by me duly sworn did depose and say that he resides in the city, county, and state of New York, that he knew Joseph Semon, the person described in and who executed the within instrument and that he saw the said Joseph Semon execute the same, and that the said Joseph Semon acknowledged to deponent that he executed the same and that said deponent at the same time subscribed his name as a witness thereto.          Mary Schact, Com'r of Deeds, N. Y. City."

By the provisions of the Code already cited, it was necessary that the proof and certification thereof be taken and made in the manner prescribed by law in the case of a conveyance of real property. The form of a corporate acknowledgment is prescribed by section 258 of the real property law (Laws 1896, p. 612, c. 547), and by section 255 of the same act it is provided that where a conveyance is proved, as well as where it is acknowledged, the certificate of the officer taking the proof must state all the matters to be done, known or proved on the taking of such proof, and, while it has often been held that the precise form of certificate prescribed by statute need not be followed (Jackson v. Gumaer, 2 Cow. 552; Duval v. Covenhoven, 4 Wend. 561; West Point Iron Co. v. Reymert, 45 N. Y. 703; Canandarqua Academy v. McKechnie, 19 Hun, 68, 90 N. Y. 618), it is essential that the statute be substantially complied with (Irving v. Campbell, 121 N. Y. 353, 24 N. E. 821, 8 L. R. A. 620). In the present case there is obviously no such substantial compliance, for it nowhere appears from the certificate of proof who Joseph Semon was, where he resided, what his connection with the corporation was, if any, or that he signed the instrument by order of its board of directors. There is no evidence in the record that Joseph Semon was the president of the defendant corporation at the time when the lease is claimed to have been made, so that even if we were to assume that the signature of the lease by Semon was sufficiently proved, and that the president of the corporation possessed the power to bind it by such a lease, an essential element in the plaintiff's case is still wanting.

The plaintiff testified, under objection, that the defendant sent him a check in payment of the rent under the lease for the month of May. The check was sent with a letter, and was signed, as plaintiff testified, "Joseph Semon, President of the Dental Guarantee Company." Assuming that a signature in that form would bind the corporation, and not merely Semon individually, no attempt was made to prove that the check was in fact signed by Joseph Semon, or that Joseph Semon was in fact the president of the corporation at the time, nor was it proved that the check was ever paid. The plaintiff's conclusion that the check was sent by the corporation was obviously incompetent, and the defendant's motion to strike it out should have been granted. The argument of counsel for the respondent that there was a ratification of the lease by the corporation, resting, as it does, upon this testimony, must fall.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.