SAMUEL GOLDBERG et al., Respondents, *v.* CHARLES A. McCORD et al., Appellants.

(Argued April 22, 1929; decided May 29, 1929.)

*Charles I. Wood, Wilmot Y. Hallock* and *Harry W. Moore* for appellants. The record of the incompetency proceeding in the year 1924 raises no presumption that William Taylor was incompetent in 1906. (Civil Practice Act, § 1371; *Boschen* v. *Stockwell,* 224 N. Y. 356; *Van*

*Deusen* v. *Sweet*, 51 N. Y. 378; *Swanstrom* v. *Day*, 46 App. Div. 311; 101 App. Div. 609; *Martello* v. *Cagliostro*, 122 Misc. Rep. 306.) The defendants and their predecessors in title were *bona fide* purchasers for an adequate consideration without notice of the alleged incapacity of William Taylor, and, therefore, obtained a marketable title which they can convey to the plaintiffs. (*Jay* v. *Wilson*, 91 Hun, 391; 158 N. Y. 693; *Clark* v. *McNeal*, 114 N. Y. 287; *Baecht* v. *Hevesy*, 115 App. Div. 509; *Abraham* v. *Meyer*, 7 Misc. Rep. 250; *Valentine* v. *Lunt*, 51 Hun, 544; 115 N. Y. 496.)

*Joseph B. Mitchell* for respondents. The title of the defendants to the premises in question was unmarketable on May 17, 1926, the date on which title was to be closed, since a prudent man, knowing the facts, would hesitate to take it. (*Van Deusen* v. *Sweet*, 51 N. Y. 379; *Bennett* v. *Vonder Busch*, 26 App. Div. 313; *Booth* v. *Fuller*, 35 App. Div. 119; *Mutual Life Insurance Company* v. *Hunt*, 79 N. Y. 541; *Riggs* v. *American Tract Society*, 84 N. Y. 336; *Goodyear* v. *Adam*, 5 N. Y. 275; *Brokaw* v. *Duffy*, 165 N. Y. 391; *Fleming* v. *Burnham*, 100 N. Y. 1; *Greenblaut* v. *Herman*, 144 N. Y. 13; *Abbot* v. *James*, 111 N. Y. 676; *Moore* v. *Williams*, 115 N. Y. 586; *Vaught* v. *Williams*, 120 N. Y. 253; *Irving* v. *Campbell*, 121 N. Y. 354.)

CRANE, J. Under the will of Isabella Taylor in 1894, William Taylor, Mary Ann Taylor and Elizabeth Taylor became owners as tenants in common of real property at Westbury, Nassau county, New York, of which the premises involved in this litigation formed a part. The property was known as the " Taylor Farm," and was conveyed thereafter by these three owners in common in various tracts and parcels. Between January 1, 1899, and June 30, 1923, the conveyances or deeds made by William Taylor numbered about twenty-five. One of these deeds was dated May 31, 1906, executed by William Taylor and his two sisters to Frank Powers and Thomas

J. McCord for an adequate consideration, was acknowledged before a notary public and duly recorded. Thereafter Thomas J. McCord conveyed his interest in the premises for an adequate consideration to the defendant Charles A. McCord, by deed duly executed, acknowledged and recorded. Frank Powers having died, his interest in the premises passed to the Nassau Trust Company as devisee-trustee. These last two owners being, or representing, purchasers in good faith and for value, contracted to sell the premises to the plaintiffs for the sum of $40,000.

Title was rejected by the plaintiffs for the reason that William Taylor, one of the grantors in the chain of title, had been adjudged incompetent, and a committee appointed for him in 1924; and that the evidence on the incompetency proceedings indicated that his mental incapacity may have existed in 1906 when he and his sisters conveyed the premises to Powers and McCord. Thereupon the plaintiffs brought this action to recover the amount paid upon the contract, which the Appellate Division has awarded them. The judgment cannot be sustained.

The Civil Practice Act (Section 1371), states the subject of inquiry in cases of lunacy for the appointment of a committee. The inquiry with respect to incompetency must be confined to the question whether the person is so incompetent at the time of the inquiry; and testimony respecting any thing said or done by him, or his demeanor or state of mind, more than two years before the hearing or trial, shall not be received as proof of lunacy, unless the court otherwise specially directs in the order granting the commission or directing the trial by jury.

In *Boschen* v. *Stockwell* (224 N. Y. 356) we held, following the words of this statute, that the question of incompetency is limited and confined to the time of the inquiry, and that even if a jury should find that lunacy existed prior to that time, its verdict would be

of no effect and without authority. The order of the County Court in the matter of William Taylor, the alleged incompetent person, dated June 30, 1924, ordered that a commission in the nature of a writ *de lunatico inquirendo* be issued " to inquire by jury whether the said William Taylor is an incompetent person, incapable of managing his property." No other or further order was made or directed. The jury, however, went beyond their authority, found William Taylor to be a mental defective, and that such infirmity had existed and manifested itself " over two years since childhood." The Appellate Division recognized that under the provision of the Civil Practice Act, above referred to, and the *Boschen* case, this finding of the jury in itself had no effect upon any acts of the alleged incompetent prior to the date of the proceedings; the statement by the jury that the mental affliction had endured since childhood would not affect a title passing by deed in 1906. That court, however, was of the opinion that as one of the doctors on the hearing in the lunacy proceedings had stated as his opinion that William Taylor was incapacitated for transacting business affairs during his lifetime, this information thus imparted through a search of the records put purchasers upon their guard, or gave them notice that there was a possibility of setting aside the conveyances theretofore made by the alleged incompetent.

Such a holding would be most disastrous to real estate titles and make the sale of real property extremely difficult and uncertain. The doctor's sworn statement, so far as giving notice is concerned, would be no different than knowledge acquired in any other way. The fact might appear from a statement by the doctor in ordinary conversation; it might creep out in affidavits filed on motions of various nature. In family disputes over property, or in divorce proceedings, the statement might appear of record that a prior grantor of property had been mentally defective all his life. That a proposed purchaser may

have knowledge that someone, be he doctor or layman, claims such a fact, cannot justify the rejection of a title coming through such a grantor. To arrive at such a conclusion it is necessary to assume that the incompetent, or someone in his behalf, may set aside any conveyance which may have been made by him during a period of mental incompetency, or brain affliction. Such is not the law. An insane person, before office found, may convey a good title; his deed is not void, but voidable (*Finch* v. *Goldstein*, 245 N. Y. 300); and it is not even voidable as against *bona fide* purchasers for value without notice of the incompetency. (*Mutual Life Ins. Co.* v. *Hunt*, 79 N. Y. 541; *Clark* v. *McNeal*, 114 N. Y. 287; *Jay* v. *Wilson*, 91 Hun, 391; affd., 158 N. Y. 693; *Sparrowhawk* v. *Erwin*, 46 A. L. R. 413; 30 Ariz. 238; *Edwards* v. *Miller*, 102 Okla. 189; *Ashcraft* v. *De Armond*, 44 Iowa, 229; *Odom* v. *Riddick*, 104 N. C. 515.)

In this case the plaintiffs made no attempt to prove that the grantees of William A. Taylor in 1906 were not *bona fide* purchasers for value. They rested their case entirely upon the incompetency proceedings. In fact, the record shows, and the fair inferences to be drawn from it are, that both Powers and McCord had purchased the property in question for a fair price, and had no notice of any defective mental condition upon the part of William Taylor. His deed was duly executed, acknowledged and recorded. Although the result would in no way change a well-established principle of law, yet the consequences may be considered in our search for the law and in our efforts to determine what it is and has been. To hold that a mere doctor's statement on incompetency proceedings renders unmarketable all titles passing through the alleged insane person as far back as the doctor, in his opinion, states the affliction to have existed, would unsettle the other twenty-five titles which have come down through William Taylor, and we know not

how far such a ruling would cut into real estate ownership in this State.

Some emphasis has been placed by the respondents upon *Brokaw* v. *Duffy* (165 N. Y. 391). The facts not only evidenced some knowledge upon the part of the grantee of the weak-mindedness of the grantor, but this court specifically stated that it was not dealing with the marketability of a title passing to a *bona fide* purchaser for value.

For the reasons here stated the judgment of the Appellate Division should be reversed, and the judgment entered upon the report of the official referee affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.