George Eilperin, J.
On December 20, 1956 the defendant was served with two summonses and verified complaints in actions to foreclosure two mortgages. Default judgments in foreclosure were entered as to both parcels, which were sold at foreclosure sale to bona fide purchasers on March 14, 1957 and on April 24,1957. Thereafter a new mortgage was obtained on one parcel to finance extensive improvements. On December 3, 1957 the defendant in the foreclosure actions was adjudicated an incompetent and a committee for the person and property was appointed. More than two years later the defendant, by her committee, moves for an order vacating the default, judgments, setting aside the foreclosure sales based .thereon, and nullifying all subsequent conveyances and liens on the premises on the ground that the defendant wTas actually incompetent although not so legally adjudicated at the time of the service of the summonses and complaints in foreclosure.
The defendant for a time lived with her brother, a physician, and had other relatives, one of whom, a nephew, was appointed as her committee. Under the circumstances title held by the bona fide purchasers for value without notice of any possible actual incompetency cannot be disturbed. A bona fide purchaser prior to legal adjudication of the defendant as an incompetent acquires a valid title upon which future title and liens are based. (Goldberg v. McCord, 251 N. Y. 28; Mutual Life Ins. Co. v. Hunt, 79 N. Y. 541.)
Both motions are denied. Settle order on notice.