ISRAEL GOLDSTEIN, Plaintiff, *v.* HUGO HIRSH, EMANUEL NEWMAN and BENJAMIN REASS, Copartners Doing Business under the Firm Name and Style of HIRSH, NEWMAN & REASS, Defendants.

(Supreme Court, Kings Trial Term, July, 1919.)

**Covenants — sale of real estate — garage — deeds — actions.**

A garage is not a "stable," neither is it a dangerous, noxious, unwholesome or offensive establishment, trade, calling or business offensive to the neighborhood within the meaning of a restrictive covenant which provides that there shall not be erected or carried on or upon the premises any "omnibus, livery or cow stable * * * or other dangerous, noxious, unwholesome or offensive establishment, trade, calling or business whatsoever offensive to the neighborhood." It is inconceivable that when said covenant was made in 1850 and repeated in subsequent deeds in 1852 and 1853 and referred to in deeds down to 1896, the parties interested had in contemplation a garage.

Where in a contract of sale of real estate reference is made to restrictive covenants which the intending vendor practically warrants do not prevent the maintenance of a garage on the premises the intending vendee, who concedes that the erection of a garage may be lawfully permitted, may not maintain an action to recover money paid under the contract on the ground of covenant broken by the erection and maintenance of a garage upon the premises.

ACTION to recover money paid under a contract for the sale and purchase of real estate.

Samuel H. Hellinger, for motion.

Hirsh, Newman & Reass (Benjamin Reass, of counsel), opposed.

LAZANSKY, J. Action at law to recover money paid under a contract for the sale and purchase of real estate.

The only question that need be considered here is whether or not the present defendant, at the time of closing, was able to deliver a title which did not violate the clause of the contract which provides that the title was to be '' subject to restrictions contained in former deeds and those imposed by the Zoning Ordinance, *all of which do not prevent the maintenance of a garage on said premises.*'' I shall find that, in all other respects, said defendant was ready to perform in accordance with the terms of the contract. It appears in the chain of title that there was a restrictive covenant which provided among other things that there was not to be erected or carried on or upon the premises any '' omnibus, livery or cow stable * * * or other dangerous, noxious, unwholesome or offensive establishment, trade, calling or business whatsoever offensive to the neighborhood.'' Surely when this covenant was made in 1850 and repeated in subsequent deeds in 1852 and 1853 and referred to in deeds down to 1896, the parties interested did not have in contemplation a garage. They undoubtedly were seeking to avoid the offensive odors which came from the maintenance of horses and cows. The covenant should not be extended beyond the intent of the parties. Later-day conditions not coming within the limi-

Supreme Court, July, 1919.          [Vol. 108.

tations of the intent of the parties cannot be included within it. A garage is not a stable within the meaning of the words of this covenant. Although the Century Dictionary defines a garage as " a stable for motor cars " (*Beach* v. *Jenkins,* 174 App. Div. 813, 834), no such stable was within the contemplation of the parties to this covenant or their successors in title. I, therefore, hold that the maintenance of a public garage on the premises in question is not prevented by that part of the clause which provides against omnibus, livery or cow stables.

It is my opinion that a public garage is not a dangerous, noxious, unwholesome or offensive establishment, trade, calling or business offensive to this neighborhood, the character of which is shown by the testimony. I, therefore, hold that this part of the covenant does not prevent the maintenance of a public garage in this neighborhood.

But it is contended by plaintiff that at the closing the situation developed a serious question of fact as to whether or not the operation and maintenance of a garage in this neighborhood may not be offensive to it, and a settlement of the question might involve him in litigation. It is also claimed that there was raised at the time of the closing a doubtful question of law as to whether or not a garage is a stable which some day may bring a law suit to plaintiff, if he took title. It is urged that for these reasons plaintiff was justified in refusing to accept title and is entitled to recover back the money deposited, even if the court should assume to resolve the doubtful question of law and the disputed question of fact in favor of the defendant. *Irving* v. *Campbell,* 121 N. Y. 353. It seems to me, however, the rule has no application to the case at bar. If no reference had been made in the contract to the restrictive covenant and the title was to

be delivered free and clear thereof, it might be said that plaintiff, offered a doubtful title to sustain which might involve him in litigation, would be justified in rejecting the title and be entitled to recover the purchase money. But here reference is made in the contract to the restrictive covenants which defendant practically warrants do not prevent the maintenance of a garage on the premises. Plaintiff claims that this warranty is broken. Defendant says it is not. It, therefore, becomes necessary for the court to decide whether or not it is broken. The court finds that this warranty has not been breached.

Even, if as claimed, the board of appeals had no jurisdiction because the necessary facts required by the ordinance were not before it to issue a permit to erect a garage, the zoning ordinance did not *prevent* the maintenance of a garage on the premises. Plaintiff concedes the board had the power to permit a garage to be erected. Zoning Ordinance, § 7, subd. c. Defendant is therefore entitled to judgment dismissing the complaint upon the merits.

Judgment accordingly.