NATALIE SANDERS, Respondent, v. FENIMORE REALTY CORP., Appellant.— In an action to enforce an alleged restrictive covenant concerning real property, defendant appeals from an order (a) granting plaintiff's motion for a temporary injunction, and (b) denying defendant's cross-motion to dismiss the complaint for insufficiency. Order reversed on the law, with ten dollars costs and disbursements, plaintiff's motion denied, without costs, and defendant's cross-motion to dismiss the complaint granted, without costs. A private garage of today is not a stable within the purview of a restrictive covenant executed in 1856. (Goldstein v. Hirsh, 108 Misc. 294; affd., sub nom. Goldstein v. Rosenberg, 191 App. Div. 492; affd., 232 N. Y. 535.) Perpall v. Gload (116 Misc. 571; affd., 203 App. Div. 871), on which plaintiff relies, in so far as it may be in conflict with the Goldstein case (supra), should not be followed. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

MORRIS SCHWARTZ, Respondent, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.— Appeal by the defendant from a judgment entered upon the verdict of a jury in an action upon a policy of accident insurance. Judgment in favor of the plaintiff and against the defendant reversed on the facts and a new trial granted, with costs to appellant to abide the event. We are of opinion that the verdict is contrary to the weight of the credible evidence. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

SYD SCHWARZBART, Appellant, v. JACK KAYNE, Defendant, and THE CITY OF NEW YORK, Respondent.— In an action for partition, judgment dismissing the complaint unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.